Weygandt, C. J.
 

 This court is of the opinion that the only assignment of error requiring extended consideration and discussion at this time is the one relating to the charge of the trial court on the subject of willful tort, inaccurately designated as “willful negligence.”
 

 The plaintiff’s petition alleges that “the injuries he received and the expenses incurred as aforesaid were due solely and wholly to, and as a direct and proximate result of the negligent, reckless, unlawful, willful and wanton acts on the part of the defendant.” Then follow ten specifications.
 

 Near the close of the court’s charge to the jury the following appears:
 

 “By Mr. Schaber:. I believe the court should instruct the jury that if any of these acts were willful acts on the part of the defendant, that any contributory negligence on the part of the plaintiff would not be a defense for the defendant.
 

 “By Mr. Hensel: There is no evidence in the rec
 
 *3
 
 ord to justify a charge of malice ór wanton negligence.
 

 “By Mr. Schaber: It is in the pleadings.
 

 “By the Court: The court charges you, members of the jury, that if you find any of these acts of negligence complained of in the petition to have been willfully done, and by willfully is meant intentionally done, then as to that act, that willful act, any acts of negligence — contributory negligence — would not be a defense and as to that, if you so find, any willful negligence, the contributory negligence of the plaintiff, if you find he was guilty of contributory negligence, as I have explained it to you, would not defeat his recovery.”
 

 Thus it is evident that the court charged the jury on the subject of willful tort but not as to wanton negligence although both are mentioned in the petition.
 

 It is vigorously urged by the defendant that it was prejudicially erroneous for the court to charge with reference to willful tort because it is not pleaded in the specifications, and for the further reason that there is no evidence to support such an instruction. It will be sufficient to discuss the latter contention.
 

 Does the evidence justify a charge on the subject of willful tort?
 

 It is highly essential to keep clearly in mind the precise meaning of the term “willful tort.” It implies intent.or purpose to injure. It is not synonymous with wanton negligence. It involves design, set purpose, intention. It is- not negligence.
 
 Reserve Trucking Co.
 
 v.
 
 Fairchild,
 
 128 Ohio St., 519, 191 N. E., 745;
 
 Payne, Dir. Genl. of Rds.,
 
 v.
 
 Vance,
 
 103 Ohio St., 59, 133 N. E., 85.
 

 Does the evidence tend to show that the defendant intended, purposed or designed to injure anyone?
 

 The collision occurred at about seven-fifteen, p. m. It was dark. The paved portion of the highway was seventeen feet wide. The defendant was operating his
 
 *4
 
 automobile in a northerly direction, and the plaintiff was riding toward the south. There is a sharp dispute as to the position of the horse and the automobile. The plaintiff testified that his horse was properly on the westerly side of the highway, and that the defendant drove his automobile onto the same side. The defendant testified that his automobile was properly on the easterly side of the highway, and that the horse lunged over to this side. Likewise there was a dispute as to whether the headlights on the defendant’s automobile were burning. The defendant testified that he could not see beyond fifty or seventy-five feet ahead on the highway, and that he first saw the plaintiff’s horse at a distance of about twenty feet. The evidence as to the speed of the automobile varied from twenty-five miles to thirty miles per hour.
 

 The judge who wrote the majority opinion in the Court of Appeals summarized the situation as follows :
 

 “In his petition the plaintiff assigned a number of acts of negligence which he alleged were wilful on the part of the defendant. There is no proof that the defendant was driving his automobile at a rate of speed in excess of forty-five miles per hour as alleged in the petition, but there is evidence tending to show negligence on the part of the defendant in his failure while operating his car on the highway, to have headlights in operation in conformity with the requirements of the statute, his failure to stop his car when he observed the plaintiff riding toward him on horseback on a lunging horse on the highway, and that the defendant was negligent in driving on the wrong side of the highway at the time the collision occurred; and from other facts in evidence as to the darkness of the night and the condition of the lights on defendant’s ear, the traffic conditions on the highway and other circumstances surrounding the collision, the jury was authorized to infer other negligent acts or omission
 
 *5
 
 on the part of the defendant charged in the petition. # # #
 

 “Under these authorities, the. failure of the defendant to comply with the statutory provisions as to headlights would not, unaccompanied by other acts of negligence, constitute a wilful tort authorizing a charge on the subject, although the petition charged wilful tort. However, in the case at bar, giving full force and effect to the evidence and reasonable inferences arising therefrom, the failure of the defendant to maintain propé'r headlights was accompanied by his driving on the wrong side of the road, the operation of his car at such a speed that he was unable to stop within the assured clear distance ahead, that is, within the range of visibility of the rays of light cast by his headlights, all on a very dark night on a much traveled public highway and at a time when there was heavy traffic on the highway, so it is necessary to determine, whether with these additional facts and circumstances, an issue of wilful negligence was presented.
 
 * * *
 

 “A striking example of wilful tort, or wilful negligence, mentioned in the opinion in the Payne case
 
 (Payne, Dir. Genl. of Rds.,
 
 v.
 
 Vance, supra]
 
 is that of a man driving an excited horse at a fast speed down a crowded street on a festival day, and neither this act nor the act of the driver in the Higbee case
 
 (Higbee Co.
 
 v.
 
 Jackson,
 
 101 Ohio St., 75, 128 N. E., 61, 14 A. L. R, 131], would appear to be more reprehensible than the conduct of the driver of the automobile in the instant case in driving without proper headlights on a very dark night on a much traveled highway in heavy traffic on the wrong side of the highway and at a speed at which it was impossible for him to stop his car within the range of visibility of the rays of light cast by his headlights, and consequently we are of the opinion that in the instant ease an issue of wilful negligence was presented for submission to the jury and
 
 *6
 
 that it was not error for the court to charge on the subject.”
 

 The following equally interesting view was expressed by the dissenting member of the Court of Appeals:
 

 “That one may, while committing negligence in consequence of the violation of a statute or ordinance, also commit wilful or wanton tort, (sometimes also termed wilful or wanton negligence) is a sound proposition of law. But in the instant case, the only evidence tending to prove even negligence of defendant, was in his driving the car without the lights required by statute and in driving from the right side of the road over onto the left side, in violation of another statute.
 

 “There is in my opinion no evidence whatsoever tending to prove wilful or wanton misconduct on the part of the defendant, that is, intentional wrongdoing to plaintiff or such acts on defendant’s part as necessarily bespoke a conscious disregard of consequences.”
 

 After a careful consideration of the foregoing views and an equally careful reading of the bill of exceptions this court finds itself clearly of the opinion that the evidence does not tend to show an intention, purpose or design on the part of the defendant to injure anyone. In reaching this conclusion the court is of course not unmindful of the well recognized rule that in proving willful tort it is unnecessary to show actual malice or ill-will.
 

 The plaintiff places reliance upon the decision in the case of
 
 Higbee Co.
 
 v.
 
 Jackson, supra.
 
 There are several important and controlling distinctions to be noted between that and the instant situation. In that case the driver of a truck gave a fourteen year old boy permission to ride on the running board. This was in violation of the driver’s express instructions. The boy held himself by grasping the wind shield and the seat near the driver. Although he saw the boy in this ob
 
 *7
 
 viously dangerous position the driver increased the speed of the truck to about thirty-five miles per hour and overtook a touring car. Without slackening his speed the driver turned his truck to the wrong side of the road directly in the path of a horse and wagon approaching in a proper manner on the other side of the highway. In commenting upon this aggravated situation the judge writing the majority opinion significantly stated, “No defense is made for the conduct of the driver in connection with the entire matter.”
 

 It is a generally recognized rule of law that it is error for a trial court to give an instruction to a jury on a principle of law when there is no basis for it in the evidence; and this is so even when such question is raised by the pleadings. Furthermore, this error is prejudicial when it is well calculated to mislead the members of the jury and induce them to suppose that such a state of facts in the opinion of the court was possible under the evidence, and it might be considered by them. This rule is applicable when a charge is injected on the subject of willful tort.
 

 Consistent with the foregoing views the judgments of the lower courts are hereby reversed and the cause remanded to the trial court for further proceedings according to law.
 

 Judgment reversed cmd cause remanded.
 

 Stephenson, Jones, Matthias, Bevis, Zimmerman and Wilkin, JJ., concur.