NEWTON, Appellant,

v.

PENNSYLVANIA IRON & COAL, INC. et al., Appellees.

[Cite as *Newton v. Pennsylvania Iron & Coal, Inc.* (1993), 85 Ohio App.3d 353.]

Court of Appeals of Ohio,
Montgomery County.

No. 13617.

Decided March 16, 1993.

*Dan D. Weiner*, for appellant.

*Stephen C. Findley*, for appellees.

GRADY, Presiding Judge.

Plaintiff Vera Newton appeals from a summary judgment dismissing her complaint for personal injuries.

Vera Newton is the wife of Ralph Newton, an employee of defendant Pennsylvania Iron & Coal Company, Inc. On July 24, 1985, Ron Myers, who is employed by the defendant, told Vera Newton to come to the company's offices to pick up a workers' compensation form needed by Ralph and which Vera would assist Ralph to fill out. Vera also planned to pick up Ralph's paycheck.

When Vera Newton entered defendant's office she was directed by a receptionist to go to Myers's desk. As she walked toward the desk Vera Newton slipped and fell to the floor, breaking her left wrist. She alleges that the defendant had negligently allowed the floor to remain wet from cleaning.

Vera Newton filed a complaint for her injuries in the court of common pleas. The case was tried to a jury, which returned a verdict for defendant. The jury

also found by two written interrogatories that Vera Newton (1) had been on defendant's premises as a licensee, not an invitee, and (2) that her visit was not beneficial to the defendant.

The judgment was appealed to this court. We held that the trial court committed reversible error when it prevented Newton from asking Ron Myers whether he had encouraged Vera Newton to come to his office and whether the company regularly permitted employees' spouses to do so for these same purposes, matters which a witness for the defendant, the plant manager, had expressly denied. We reversed the judgment and remanded for a new trial. *Newton v. Pennsylvania Iron & Coal Co., Inc.,* (Nov. 17, 1989), Montgomery App. No. 11073, unreported, 1989 WL 138413.

Plaintiff Newton dismissed her first complaint and refiled her action. Defendant moved for summary judgment, relying on *Provencher v. Ohio Dept. of Transp.* (1990), 49 Ohio St.3d 265, 551 N.E.2d 1257, and the interrogatory responses of the jury to argue that Newton was a licensee to whom defendant owed no duty of ordinary care. Newton also moved for summary judgment and, additionally, moved to amend her complaint to add allegations of willful and/or wanton misconduct. The court overruled Newton's motions but granted summary judgment to defendant on the grounds it argued. Newton has appealed, presenting three assignments of error.

Newton's first assignment of error states:

"The trial court erred in its ruling granting defendant's motion for summary judgment."

■ The legal status of a person injured while on the land of another determines the duty of care owed the visitor by the possessor of the land, and the possessor may be held liable for those injuries when they proximately result from a breach of the duty of care he owes the visitor.

Vera Newton alleged in her complaint that she entered defendant's business premises as an "invitee."

■ At common law, the possessor of land owes a duty of ordinary care to his invitees, who are persons whom he invites onto his land for some purpose beneficial to him. To them he owes a duty to keep his premises in a reasonably safe condition and to give warnings of latent or concealed perils of which he has, or should have, knowledge. *Westwood v. Thrifty Boy Super Markets, Inc.* (1972), 29 Ohio St.2d 84, 58 O.O.2d 154, 278 N.E.2d 673. However, he owes no duty of ordinary care to those persons who enter not on his invitation, though with his permission and acquiescence, for their own pleasure and/or benefit. Such persons are "licensees," who enter on their own license and are subject to the

perils and risks attendant on it. To them the possessor of land is not liable for injuries proximately caused by his ordinary negligence, but only for injuries resulting from his willful and wanton misconduct.

■ *Provencher, supra,* was concerned with the distinction between invitees and licensees in regard to persons who enter public roadside rest area facilities maintained by a state agency. The lower court in *Provencher* had found that such persons entered as "public invitees." The Supreme Court found no conduct on the part of the state agency that justified such persons in believing that the agency *desired* them to enter the land. Thus, no invitation had been made. At most, the agency's conduct constituted a willingness to permit entry if such persons desired to do so, and the entry provided no tangible benefit to the state agency. Persons who enter under those conditions are, the Supreme Court reasoned, licensees, not invitees.

The trial court below relied on *Provencher* and the interrogatory responses of the jury to hold that Vera Newton entered as a licensee, only. We conclude the court erred in its holding and order of summary judgment.

*Provencher* was concerned with whether the conduct of a state agency in maintaining public facilities constituted an implied invitation. In this case we have no state agency, but a private landowner. Further, there is evidence of an invitation, express and/or implied. Further still, there is evidence that the defendant obtained some tangible benefit from Newton's visit. Therefore, *Provencher* is not controlling of the issues in this case.

■ The jury's findings in response to interrogatories cannot be used to support a finding in the current proceeding that Vera Newton was a licensee or that her visit was not beneficial to the defendant. The trial court found that relitigation of these findings of fact was precluded by the doctrine of *res judicata.* That doctrine holds that an existing, final judgment rendered on the merits by a court of competent jurisdiction is conclusive of the rights, questions, and facts in issue, as to the parties or their privies. See 63 Ohio Jurisprudence 3d (1985), Judgments, Section 400. However, "[i]f the judgment of the trial court is reversed, then obviously the trial court judgment has no preclusive effect." Vestal, Res Judicata/Preclusion (1969) at 235. That is the result here, particularly as our mandate was for a new trial and not for retrial only of issues unaffected by the prejudicial error, allowing the remaining issues to stand. We are permitted to do that by App.R. 12(D) and Civ.R. 42(B). That form of limited order preserving the jury's interrogatory findings would not have been appropriate in this case, however, because the prejudicial error we found affected the issue about which the findings were made.

Beyond the questions raised by the misapplication of the rule of *Provencher* and the doctrine of *res judicata* is the further issue of R.C. 4101.11, which the trial court held to be inapplicable because Newton was a licensee. Even though Newton's status remains to be determined, the trial court's construction of the statute in relation to Newton's status presents additional error that should be addressed in the interests of judicial economy.

R.C. 4101.11 imposes a duty on employers to "furnish a place of employment which shall be safe for the employees therein and for frequenters thereof." The duty owed by the possessor of those premises to a frequenter is substantially the same as that owed at common law by an owner of property to an invitee. *Westwood v. Thrifty Boy Super Markets, Inc., supra. Debie v. Cochran* (1967), 11 Ohio St.2d 38, 44 O.O.2d 52, 227 N.E.2d 603. That duty is one of ordinary care.

R.C. 4101.01(E) provides:

"Frequenter means every person, other than an employee, who may go in or be in a place of employment under circumstances which render him other than a trespasser."

R.C. 4101.01(C) defines an *"employer"* as "any person having control or custody of any employment or place of employment." R.C. 4101.01(A) defines *"place of employment"* as "every place * * * and the premises appurtenant thereto, where * * * any industry, trade, or business is carried on * * * and where any person is directly or indirectly employed by another for gain or profit."

There is evidence from which reasonable minds could conclude that defendant is an employer and that its premises constitute a place of employment. There is also evidence which, if believed, would permit reasonable minds to find that defendant desired Newton to enter its premises. For summary judgment purposes and analysis we must conclude that she did not enter as a trespasser. The further question is whether she entered as a frequenter, to whom the defendant owed a duty of ordinary care.

In *Wills v. Frank Hoover Supply* (1986), 26 Ohio St.3d 186, 26 OBR 160, 497 N.E.2d 1118, the Supreme Court held that a "frequenter," as defined in R.C. 4101.01(E), applies "only to workmen, invitees or business visitors, and not to gratuitous licensees or others on the premises of another solely for purposes of their own." *Id.* at 190, 26 OBR at 163, 497 N.E.2d at 1121, fn. 1.

The Restatement of the Law 2d, Torts (1965) 176, Section 332, defines a "business visitor" as a category of invitee, stating:

"(1) An invitee is either a public invitee or a business visitor.

"(2) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.

"(3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.

The Comment to (3) states:

"Business visitors fall into two classes. The first class includes persons who are invited to come upon the land for a purpose connected with the business for which the land is held open to the public, as where a person enters a shop to make a purchase, or to look at goods on display. Where this distinction arises, a business visitor of this class is hereafter called a patron.

"The second class includes those who come upon land not open to the public, for a purpose connected with business which the possessor conducts upon the land, *or for a purpose connected with their own business which is connected with any purpose, business or otherwise, for which the possessor uses the land.* Thus a truck driver from a provision store who enters to deliver goods to a private residence is a business visitor; and so is a workman who comes to make alterations or repairs on land used for residence purposes." (Emphasis added.) *Id.* at 179–180.

We believe that the standard employed by the Restatement to determine whether a person is a "business visitor" is a correct standard. Following that reasoning, it must be determined whether Vera Newton was a business visitor and, therefore, a "frequenter" to whom the defendant owed a duty of ordinary care.

The evidence, construed most strongly in favor of the plaintiff, showed that she entered the premises to obtain a workers' compensation form concerning plaintiff's husband, an employee of defendant, and to collect her husband's paycheck. Vera Newton's "business" was thus connected with a purpose for which the defendant used its premises: the employment of plaintiff's husband. Under the definitions of the Restatement she was a business visitor, a form of frequenter to whom the defendant owed a duty of ordinary care.

We are not aware of prior cases that have construed the term "frequenter" to apply to one in Vera Newton's situation. Prior cases have generally involved customers of a business who enter to make a purchase. See *Debie v. Cochran, supra.* However, there is no good reason why the spouse of an employee, who enters with the encouragement of the employer for some purpose connected with the employment relationship, should be in any different position vis-a-vis the duty of care owed her or him by the employer/possessor of land.

The first assignment of error is sustained.

The second assignment of error states:

"The trial court erred in its decision overruling plaintiff's motion for a summary judgment."

Vera Newton moved for summary judgment on her complaint. Viewing the evidence most strongly in favor of defendant, as we are required to do by Civ.R. 56, we find that genuine issues of material fact relevant to defendant's alleged liability remain to be determined.

The second assignment of error is overruled.

The third assignment of error states:

"The trial court erred in its decision denying plaintiff's motion to amend her complaint."

■ Defendant's motion for summary judgment argued that defendant's duty of care was no more than to not commit acts of willful or wanton misconduct. Plaintiff moved pursuant to Civ.R. 15 to amend her complaint to include an allegation of willful or wanton misconduct. No argument was made in support of the motion, which was overruled by the trial court.

Civ.R. 15(A) provides that when a party seeks leave of court to amend his pleading the "leave of court shall be freely given when justice so requires." Commenting on this standard in *Terry v. Markoff* (1986), 26 Ohio App.3d 20, 23, 26 OBR 189, 191, 497 N.E.2d 1133, 1135, this court quoted the following passage from *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 175, 63 O.O.2d 262, 269–270, 297 N.E.2d 113, 121:

" 'The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies. Civ.R. 1(B) requires that the Civil Rules shall be applied "to effect just results." Pleadings are simply an end to that objective. The mandate of Civ.R. 15(A) as to amendments requiring leave of court, is that leave "shall be freely given when justice so requires." Although the grant or denial of leave to amend a pleading is discretionary, where it is possible that the plaintiff, by an amended complaint, may set forth a claim upon which relief can be granted, and it is tendered timely and in good faith and no reason is apparent or disclosed for denying leave, the denial of leave to file such amended complaint is an abuse of discretion.' "

In overruling Newton's motion to amend, the trial court stated:

"Newton's motion to amend her complaint is not well taken and is also DENIED. The Court will not entertain attempts by a Plaintiff to attempt to dip a lure into the water this late in the litigation, in the hopes that another claim will strike their line, to avenge for the one that 'got away' in the original pleadings."

We agree with the trial court. From all the facts and circumstances before the court, which were fully portrayed in the first trial, the operative facts of the accident show that the accident was a garden variety slip-and-fall. A claim of willful and/or wanton misconduct could not survive a motion for directed verdict. And, while our decision concerning the first assignment of error gives the plaintiff another chance to catch the fish that "got away," we see no abuse of discretion in the denial of the motion to amend.

The third assignment of error is overruled.

Having sustained the first assignment of error, we will reverse the summary judgment of the trial court and remand the cause for further proceedings.

*Judgment reversed*
*and cause remanded.*

BROGAN and WOLFF, JJ., concur.