103 F.3d 129
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eddie A. FANNIN, Plaintiff-Appellant,
v.
NORFOLK AND WESTERN RAILWAY COMPANY, Defendant-Appellee.
 No. 95-4140.
 United States Court of Appeals, Sixth Circuit.
 Nov. 25, 1996.
 
 On Appeal from the United States District Court for the Northern District of Ohio, No. 93-02594; O'Malley, Judge.
 N.D.Ohio
 VACATED.
 Before: NELSON and DAUGHTREY, Circuit Judges, and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from a summary judgment for the defendant in an action brought under the Federal Employers' Liability Act, 45 U.S.C. §§ 51 et seq. Because the decision of the district court was based on a misapprehension as to the status of a judgment previously entered in a related state court proceeding, we shall vacate the district court's judgment.
 
 
 2
 The plaintiff, Eddie A. Fannin, alleged in his federal case that while employed by the defendant railway company and a predecessor he developed multiple myeloma (a form of bone cancer) from on-the-job exposure to various carcinogens. In an F.E.L.A. action filed against the same defendant in the Court of Common Pleas of Summit County, Ohio, Mr. Fannin alleged that he developed an asbestos-related disease from on-the-job exposure to asbestos.
 
 
 3
 The railway company moved for summary judgment in both lawsuits on the strength of a release executed by Mr. Fannin on December 5, 1991. The release recited that in consideration of the sum of $37,699.20, Mr. Fannin discharged the company from all claims and causes of action of any kind whatsoever (with the exception of vested pension rights) arising out of his employment.
 
 
 4
 In January of 1995 the common pleas court granted the motion for summary judgment in the asbestos case, holding that the release was effective to discharge all F.E.L.A. claims asserted by Mr. Fannin. When this was brought to the attention of the federal district court, the district court concluded that the judgment rendered by the common pleas court was entitled to preclusive effect under the doctrines of res judicata and collateral estoppel. The district court granted the pending motion for summary judgment and dismissed the case on that ground.
 
 
 5
 The district court's order granting summary judgment in the myeloma case was filed on September 21, 1995, and was entered the next day. On September 20, 1995, however--unbeknownst to the district court--the Court of Appeals of the Ninth Judicial District of Ohio had reversed the judgment of the common pleas court in the asbestos case. See Fannin v. Norfolk & Western Railway Co. (Ohio App.9th Dist.1995) 1995 WL 553294. For reasons not entirely clear to us, the decision of the Ohio court of appeals was never brought to the attention of the federal district court.
 
 
 6
 The reversal of the common pleas court judgment deprived that judgment of all preclusive effect. See Newton v. Pennsylvania Iron & Coal, Inc., 85 Ohio App. 353, 356, 619 N.E.2d 1081, 1084 (Montgomery 1993); Erebia v. Chrysler Plastic Products Corp., 891 F.2d 1212 (6th Cir.1989). The railway company may or may not be entitled to summary judgment in the case at bar, but it is not entitled to summary judgment on the strength of a common pleas court judgment which, as we now know, had been reversed by the time summary judgment was granted in the federal case.
 
 
 7
 The district court order granting summary judgment is therefore VACATED, and the case is REMANDED for further proceedings not inconsistent with this opinion.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation