[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Plaintiff, Daniel M. Deangelis, appeals from a summary judgment for Defendants, George, Barbara, and Irvin Riley Miles, on his claim for personal injuries.
Deangelis' claim arose from an injury inflicted by Michael Kraft in a fight that occurred during a party at the Miles' residence at which both men were guests. Deangelis eventually obtained a judgment against Kraft in the amount of $7,111.52. The summary judgment for George, Barbara, and Irvin Riley Miles was based on the court's finding that they had breached no duty of care that they owed to Deangelis.
George and Barbara Miles reside at 4014 Caprice Drive, in Englewood, with their adult son, Riley Miles. His parents were away from home on a business trip on May 14, 1995, when Riley Miles hosted a party at their home. He later testified that his parents had told him to not hold a party there while they were away.
Riley Miles invited a number of persons to his party. Plaintiff Deangelis arrived with one of them, though Deangelis had received no invitation from Riley Miles. Miles saw Deangelis, but did not ask him to leave.
In the course of the party a fight broke out between Michael Kraft and another man. Deangelis became involved in the fight and suffered a jaw injury. He subsequently brought this action to recover for his injuries and losses.
The three Miles defendants moved for summary judgment, arguing that Deangelis' injuries did not proximately result from any breach of a duty of care that they owed him. The trial court agreed, holding that because Deangelis was a licensee the applicable duty of care that the Miles defendants owed him was to avoid injuring him through willful and wanton misconduct and was not breached. The court also held that George and Barbara Miles could not be liable to Deangelis on a negligent entrustment claim because their son, Riley, was not a minor when Deangelis' claim for relief arose.
Deangelis filed a timely notice of appeal after he was awarded a judgment against Kraft. Deangelis presents two assignments of error.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN CHARACTERIZING PLAINTIFF-APPELLANT AS A LICENSEE AND IN CONCLUDING THAT DEFENDANT-APPELLEE IRVIN RILEY MILES SOLELY OWED PLAINTIFF-APPELLANT THE DUTY TO REFRAIN FROM WANTON AND WILLFUL MISCONDUCT.
"The duty owed by an owner of land to a person who enters upon it depends, in the first instance, on his legal status as an entrant." Rinehart v. Federal Nat'l Mortgage Assn. (1993),91 Ohio App.3d 222, 228.
The law recognizes three forms of status with respect to one who enters on the land of another; trespasser, licensee, or invitee.
"Trespass" connotes some physical invasion of or unlawful entry upon the real property of another, the essential idea being the breaking of a close by force with some consequent damage to the property concerned. 88 Ohio Jurisprudence 3d., Trespass, Section 1. Ordinarily, a landowner owes no duty to undiscovered trespassers other than to refrain from injuring them by willful or wanton misconduct. Elliott v. Nagy (1986), 22 Ohio St.3d 58.
A "licensee" is "a person who enters the premises of another by permission or acquiescence, for his own pleasure or benefit, and not by invitation . . ." Light v. Ohio University (1986),28 Ohio St.3d 66, 68. "A licensee takes his license subject to its attendant perils and risks. The licensor is not liable for ordinary negligence and owes the licensee no duty except to refrain from willfully or wantonly causing injury." Id., citingHannon v. Erlich (1921), 102 Ohio St. 176, and Scheurer v.Trustees of the Open Bible Church (1963), 175 Ohio St. 163.
 "Willful conduct implies design, set purpose, intention or deliberation. 70 Ohio Jurisprudence 3d (1986), Negligence, Section 33. See, also, McKinney v. Hartz Restle Realtors, Inc.
(1987), 31 Ohio St.3d 244, 246 [31 OBR 449, 450, 510 N.E.2d 386, 388], citing Denzer v. Terpstra (1934), 129 Ohio St. 1 (1 O.O. 303, 193 N.E. 647]. Wanton conduct comprehends an entire absence of all care for the safety of others and a complete indifference to the consequences of the allegedly negligent act. 70 Ohio Jurisprudence 3d (1986), Section 34. See, also, McKinney, supra, [31 Ohio St.3d] at 246 [31 OBR at 450, 510 N.E.2d at 388]. Negligent conduct and willful conduct are conceptually distinct terms, the latter concept imposing a much higher burden on the plaintiff to show breach of duty than the former concept. 70 Ohio Jurisprudence 3d (1986), Negligence, Section 33." Id. At 10-11.
Rinehart v. Fed. Nat'l. Mtge. Assn., supra, at 229.
"A person is an `invitee' on land of another if (1) he enters by invitation, express or implied, (2) his entry is connected with the owner's business or with an activity the owner conducts or permits to be conducted on his land, and (3) there is a mutuality of benefit or benefit to the owner." Black's Law dictionary, Fifth Ed. An owner or possessor of land owes a duty of ordinary care to his invitees. Newton v. Pennsylvania Iron Coal, Inc.
(1993), 85 Ohio App.3d 353.
 However, he owes no duty of ordinary care to those persons who enter not on his invitation, though with his permission and acquiescence, for their own pleasure and/or benefit. Such persons are "licensees," who enter on their own license and are subject to the perils and risks attendant on it. To them the possessor of land is not liable for injuries proximately caused by his ordinary negligence, but only for injuries resulting from his willful and wanton misconduct.
Id., at 355-356.
The party that Riley Miles held at his parent's home was what is commonly known as a "keg party," in which invitations are loosely extended to a number of people and whoever shows up is allowed to enjoy the contents of the keg. It is not unusual that uninvited persons also attend and partake, and keg party etiquette generally requires the host to acquiesce in their presence so long as they remain on good behavior. Thus, Deangelis was a "social guest" in the Miles home. However, the duty that the Miles defendants owed him depends on his legal status as an entrant.
"The philosophy underlying all the decisions with respect to host and guest relationships is that the host extends his hospitality to the guest and that the guest accepts hospitality."Scheibel v. Lipton (1951), 156 Ohio St. 308, 330. On the basis of that invitation, the social guest is an invitee to whom the host owes a duty to exercise ordinary care not to cause the guest injury or permit the guest to be injured by any activities carried on by the host while the guest is on the premises. Id. However, in order to impose that duty on the host there must be evidence of an actual invitation he extended to the guest, express or implied.Id.
The trial court reasoned that Deangelis was not an invitee when he entered the Miles home because he did not enter at their invitation but at the invitation of another guest whom Riley Miles had invited. We agree. Evidence of an actual invitation by the host to the social guest whose injuries on the premises are the subject of his claim for relief against the host is necessary to put him in the status of an invitee. Otherwise, the social guest is a mere licensee, notwithstanding the fact that his continued presence is with the permission or acquiescence of the host.
There is no evidence that the fight in which Deangelis was injured arose out of the willful or wanton misconduct of Riley Miles or his parents, George and Barbara Miles. On this record, we agree with the trial court that reasonable minds could not find them liable to Deangelis for the injuries he suffered in the fight. Therefore, the trial court did not err when it granted summary judgment for those defendants.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN FINDING THAT DEFENDANTS-APPELLEES GEORGE AND BARBARA MILES WERE NOT NEGLIGENT IN ENTRUSTING THEIR RESIDENCE TO DEFENDANT-APPELLEE IRVIN RILEY MILES.
In his fifth and sixth causes of action, Deangelis alleged that George and Barbara Miles were negligent in entrusting control of their home to their son and that his injuries proximately resulted from their negligence. In support of his claims, Deangelis submitted copies of Riley Miles' police record, as well as the testimony of Riley Miles that his parents were aware of his adult criminal activity.
The trial court granted summary judgment in favor of the defendants on these claims, holding that George and Barbara Miles were not liable for their son's misconduct because, at age twenty-one, he was an emancipated adult.
Parents are vicariously liable for the acts of their minor children who willfully damage or destroy property or who commit a theft offense. R.C. 3109.09. Such liability does not arise from the conduct of their emancipated children. However, that distinction does not apply to a claim that parents were negligent in entrusting to their child, adult or minor, or to any other third person, an instrumentality that was employed in a manner that injured another. In that event, it must nevertheless be shown that the injuries were reasonably foreseeable to the parent or other person whose act of entrustment directly and proximately resulted in the injuries involved.
The theory of negligent entrustment as a basis for liability arises from the principle that "[a]nyone with normal experience is required to have knowledge of the traits and habits of . . . other human beings, and to govern accordingly." Prosser and Keeton On Torts, Fifth Ed., Chp. 5, p. 197-198. To the extent that the negligence of another causes the harm involved, "[t]he duty arises . . . only where a reasonable person would recognize the existence of an unreasonable risk of harm to others through the intervention of such negligence." Id., at p. 199.
To "entrust" is "[t]o give over to another something after a relation of trust and confidence has been established. To deliver something to another in trust or to commit something to another with a certain confidence regarding his care, use or disposal of it." Black's Law Dictionary, supra.
The evidence is undisputed that George and Barbara Miles specifically told their son that he was not to have a party at their home while they were away. Thus, if the risk of the type of harm that Plaintiff Deangelis suffered was reasonably foreseeable to them, George and Barbara Miles acted according to except from any entrustment they conferred on their son the authority to hold a party in their home. The fact that he breached whatever limited or other trust they reposed in him does not demonstrate that, in fact, they reposed some other or broader form of trust that included holding the party at which Plaintiff Dangelis was injured.
Though the trial court erred when it granted summary judgment for the Defendants on the negligent entrustment claim because their son was an adult, the judgment itself was correct. Reasonable minds could not conclude other than that George and Barbara Miles did not entrust their property to their son to use for the purpose from which the Plaintiff's injuries proximately resulted. In fact, that use was expressly unauthorized by them. Therefore, there is no basis from which their liability to the Plaintiff on a theory of negligent entrustment can be found, and the Defendants were entitled to summary judgment in their favor on their motion for that relief.
The second assignment of error is overruled.
 Conclusion
The judgment from which the appeal was taken will be affirmed.
BROGAN, J. and FAIN, J., concur.