Plaintiff, Corrie L. Starost, appeals from a summary judgment for Defendants, George and Charlotte Bradley, on Plaintiff's claim for personal injuries.
Plaintiff Starost is a daughter of Defendant Charlotte Bradley. Starost was injured in a fire that occurred at the Bradley home on December 31, 1993, while she stayed there during a holiday break from her school in Illinois. Plaintiff alleges that the fire started when clothing that the Defendants had stacked on an ironing board fell and came into contact with the flame of a gas-fired hot water heater. Plaintiff also claims that no smoke detector alarms were installed in the house, a fact that the Defendants do not dispute.
Plaintiff Starost commenced this action for personal injuries, alleging that the Bradleys were negligent in two respects. First, by failing to exercise ordinary care in allowing clothing to accumulate near the hot water heater. Second, by failing to install smoke detectors as required by a City of Dayton ordinance. Plaintiff also alleged that the negligences were each a proximate cause of the injuries she suffered in the fire.
The Defendants moved for summary judgment. Their motion presented two arguments. First, that because they had not invited Plaintiff into their home she was a mere "licensee," to whom they owed only a duty to not injure her through their willful and wanton misconduct, which the Plaintiff cannot show. Second, that even if they owed her the higher duty of ordinary care, no breach of that duty can be demonstrated.
Plaintiff also moved for summary judgment on both her negligence claims. She argued that the Defendants' failure to install the smoke detector alarms in violation of a local ordinance was negligence, per se. Plaintiff also argued reasonable minds could only conclude that Defendants' acts which led to the fire were negligent, though she conceded in response to the Defendants' motion that whether they violated whatever duty of care that they owed her is an unresolved question of fact.
After additional memoranda expounding on their positions were failed by both sides, the trial court denied Plaintiff's motion for summary judgment and granted the Defendants' motion. In support of its decision, the trial court stated:
 The Court finds that Plaintiff Corrie L. Starost was a "social guest" under the facts and circumstances presented in the case. However, the Court finds that Plaintiff Starost has failed to put forth the requisite evidence establishing that Defendants Bradley breached any duty imposed by law on them as hosts of a social guest. The Court cites as authority for its conclusion herein the following cases: Scheibel v. Lipton (1951), 156 Ohio St. 308; DiGildov v. Caponi (1969), 18 Ohio St.2d 125; Nagyu v. Wallis (April 27, 1995), Cuyahoga Cty. App. Ct. No. 66989; and Thompson v. Farmer (August 16, 1995), Medina Cty. App. Ct. No. 2414-M.
Plaintiff Starost filed a timely notice of appeal from the trial court's order. She presents a single assignment of error, which states:
 THE TRIAL COURT ERRED IN OVERRULING PLAINTIFF-APPELLANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT.
Summary judgment is a procedural remedy. Pursuant to Civ.R. 56, it may be granted only when the court, after construing the pleadings and evidentiary materials before it most strongly in favor of the party against whom the motion is made, concludes that no genuine issue of material fact exists to prevent a judgment for the moving party on any claim or defense as a matter of law. Because the motion presents only questions of law, the trial court's order disposing of it is reviewable on appeal on a de novo standard.
Plaintiff's claim for relief alleged a breach of duty of care that the Defendants owed her, one which proximately resulted in the injuries and losses she claims.
 A "duty" is an obligation imposed by law on one person to act for the benefit of another person due to the relationship between them. When risks and dangers inherent in the relationship or incident to it may be avoided by the obligor's exercise of care, an obligor who fails to do so will be liable to the other person for injuries proximately resulting from those risks and dangers if the injuries were reasonably foreseeable. In negligence cases the duty is always the same: to conform to the legal standard of reasonable conduct in the light of apparent risk. What a defendant must do, or must not do, is a question of the standard of conduct reasonably required to satisfy the defendant's duty. See Prosser Keeton on Torts (5 Ed. 1984) 356, Section 53.
Berdyck v. Shinde (1993), 66 Ohio St.3d 573, 578.
"The duty by an owner of land to a person who enters upon it depends, in the first instance, on his legal status as an entrant." Rinehart v. Federal Nat'l. Mortgage Assn. (1993),91 Ohio App.3d 222, 228. The law recognizes three forms of status with respect to one who enters on the land of another; trespasser, licensee, or invitee.
"Trespass" connotes some physical invasion of or unlawful entry upon the real property of another, the essential idea being the breaking of a close by force with some consequent damage to the property concerned. 88 Ohio Jurisprudence 3d., Trespass, Section 1. Ordinarily, a landowner owes no duty to undiscovered trespassers other than to refrain from injuring them by willful or wanton misconduct. Elliott v. Nagy (1986),22 Ohio St.3d 58.
A licensee is "a person who enters the premises of another by permission or acquiescence, for his own pleasure or benefit, and not by invitation . . ." Light v. Ohio University (1986),28 Ohio St.3d 66, 68. "A licensee takes his license subject to its attendant perils and risks. The licensor is not liable for ordinary negligence and owes the licensee no duty except to refrain from willfully or wantonly causing injury." Id., citingHannan v. Erlich (1921), 102 Ohio St. 176, and Scheurer v.Trustees of the Open Bible Church (1963), 175 Ohio St. 163.
 "Willful conduct implies design, set purpose, intention or deliberation. 70 Ohio Jurisprudence 3d (1986), Negligence, Section 33. See, also, McKinney v. Hartz Restle Realtors, Inc. (1987), 31 Ohio St.3d 244, 246 [31 OBR 449, 450, 510 N.E.2d 386, 388], citing Denzer, v. Terpstra (1934), 129 Ohio St. 1 (1 O.O. 303, 193 N.E. 647]. Wanton conduct comprehends an entire absence of all care for the safety of others and a complete indifference to the consequences of the allegedly negligent act. 70 Ohio Jurisprudence 3d (1986), Section 34. See, also, McKinney, supra, [31 Ohio St. 3
d] at 246 [31 OBR at 450, 510 N.E.2d at 388]. Negligent conduct and willful conduct are conceptually distinct terms, the latter concept imposing a much higher burden on the plaintiff to show breach of duty than the former concept. 70 Ohio Jurisprudence 3d (1986), Negligence, Section 33." Id. At 10-11.
Rinehart v. Fed. Nat'l. Mtge. Assn., supra, at 229.
"A person is an 'invitee' on land of another if (1) he enters by invitation, express or implied, (2) his entry is connected with the owner's business or with an activity the owner conducts or permits to be conducted on his land, and (3) there is a mutuality of benefit or benefit to the owner." Black's Law dictionary, Fifth Ed. An owner or possessor of land owes a duty of ordinary care to his invitees. Newton v. Pennsylvania Iron Coal, Inc. (1993), 85 Ohio App.3d 353.
 However, he owes no duty of ordinary care to those persons who enter not on his invitation, though with his permission and acquiescence, for their own pleasure and/or benefit. Such persons are "licensees," who enter on their own license and are subject to the perils and risks attendant on it. To them the possessor of land is not liable for injuries proximately caused by his ordinary negligence, but only for injuries resulting from his willful and wanton misconduct.
Id., at 355-356.
"The philosophy underlying all the decisions with respect to host and guest relationships is that the host extends his hospitality to the guest and that the guest accepts hospitality." Scheibel v. Lipton (1951), 156 Ohio St. 308, 330. On the basis of that invitation, the social guest is an invitee to whom the host owes a duty to exercise ordinary care not to cause the guest injury or permit the guest to be injured by any activities carried on by the host while the guest is on the premises. Id. However, in order to impose that duty on the host there must be evidence of an actual invitation he extended to the guest, express or implied. Id.
Evidence was presented that since her departure from Dayton several years before to attend school in Illinois, Plaintiff Starost had stayed with the Defendants on several occasions during her periodic returns to Dayton, and that they permitted her to keep personal property there while she was away. There was no evidence that the Defendants had extended an express invitation to the Plaintiff to stay at their home during the Christmas break from school when the fire occurred. However, in view of their parental relationship and past conduct, and construing that evidence in the manner that Civ.R. 56(C) requires, we conclude that reasonable minds could find that an implied invitation from the Defendants to the Plaintiff existed in these circumstances. Therefore, Defendants owed Plaintiff a duty of ordinary care.
The duty that the Defendants owed Plaintiff was "the duty (1) to exercise ordinary care not to cause injury to (their) guest by any act of the host(s) or by any activities carried on by the host(s) while the guest is on the premises, and (2) to warn the guest of any condition of the premises which is known to the host(s) and which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know and will not discover such dangerous condition." Scheibel v.Lipton, supra, Syllabus by the Court, paragraph 3.
The record suggests that clothes stacked on an ironing board tumbled to the floor and came into contact with the flame of a gas-fired hot water heater, igniting and causing the fire that injured the Plaintiff. Reasonable minds could find that those injuries were caused by the failure of the Defendants to exercise ordinary care in the conduct of the activity out of which the injuries arose. The Defendants argue that they were not obliged to warn the Plaintiff of the hazards involved because she had an opportunity equal to theirs to discover those dangers. However, that presents a question of fact which cannot be resolved by summary judgment.
We find that the trial court erred when it granted the Defendants' motion for summary judgment on the Plaintiff's general negligence claim. Accordingly, the order from which the appeal was taken will be reversed in that respect and the case will be remanded for further proceedings.
The Plaintiff-Appellant also argues that the trial court erred when it denied her own motion for summary judgment on the two issues of negligence her complaint presented.
Plaintiff first asked the court to find that the Defendants were negligent as a matter of law in maintaining the condition that produced the fire from which her injuries proximately resulted. The trial court declined to make that finding, and we agree. No doubt the Defendants had a duty to protect the Plaintiff against the injuries she suffered in the fire. However, whether their conduct fell below the standard of conduct required to satisfy that duty, which is necessary for negligence, is a question of fact.
Plaintiff also asked the trial court to determine that the Defendants were negligent per se in failing to install smoke-detector alarms, as a City of Dayton ordinance requires. The trial court also rejected that basis for the Plaintiff's motion.
Violation of a statute which sets forth specific duties constitutes negligence per se. Schell v. Dubois (1916), 94 Ohio St. 93. As a general rule the violation of a statute passed for the protection of the public or others is negligence per se.Roszman v. Sammett (1971), 26 Ohio St.2d 94. Where there exists a legislative enactment commanding or prohibiting, for the safety of others, the doing of a specific act, and there is a violation of such act solely by the one whose duty is to obey it, such violation constitutes negligence per se. Eisenhuth v.Moneyhon (1954), 161 Ohio St. 367, Taylor v. Webster (1967),12 Ohio St.2d 53, Gressman v. McClain (1988), 40 Ohio St.3d through 59. Proof of negligence per se means that the Defendant possessed a duty imposed by statute and breached that duty. Crawford v. Halkovics (1982), 1 Ohio St.3d 184, Penton v.Pennsylvania Railroad Company (1939), 136 Ohio St. 159, Hurstv. Ohio Department of Rehabilitation and Corrections (1995),72 Ohio St.3d 325.
The Defendants do not argue that the foregoing principles are inapplicable to their failure to install smoke detector alarms. Rather, they contend that any negligence arising from their failure is of no legal consequence because it cannot be found to have been a direct and proximate cause of the Plaintiff's injuries.
The Defendants rely on McCoy v. IDS Realty, Inc. (June 20, 1995), Franklin App. No. 94APE11-1636, unreported, in which the court held that failure of smoke detector alarms to operate cannot be a basis for liability for property losses arising from a fire because "[t]here is no way of knowing how much sooner (the plaintiffs) would have known of the fire had the smoke detector gone off." Id., at p. 4. Because it found the proposition to be too speculative, the McCoy court affirmed a directed verdict that the trial court had entered for the defendants.
We are not persuaded that McCoy applies here. McCoy involved an appeal from a directed verdict, not from a summary judgment. The McCoy court merely found that, notwithstanding proof of negligence on the defendant's part, the plaintiffs could not prove proximate cause. However, proximate cause was not an issue presented by the Plaintiff Starost's motion for summary judgment, which was limited to the issue of negligence. To deny that motion because of an anticipated inability on her part to prove proximate cause is improper because that issue is outside the issues that the Plaintiff's motion presented. In any event, however, we are not persuaded that the McCoy court was correct on the theories of law that it applied.
An ordinance or other regulation that requires installation of smoke detector alarms in buildings creates an inference that the alarms will diminish the risk of harm to persons who are inside when a fire occurs because the alarm is designed and intended to warn them of the fire in its early stages, before they may otherwise be aware of it, improving their opportunity to escape the fire and avoid the harm that may result from it. Therefore, depending on the particular facts and circumstances involved, including the location and progress of the fire and smoke, the location of the alarms, and the available avenues of escape, a trier of fact may find that failure to install required smoke detector alarms subjected persons in the building to a greater risk of harm from the fire, creating some measure of liability in them for any injuries arising from a fire that occurred. Whether that increased risk of harm occurred is not a matter for speculation, but one that jurors may reasonably decide on the basis of their common knowledge and understanding.
The jury may find that the fire was not the result of the breach by these Defendants of a duty of ordinary care that they owed the Plaintiff. Even so, Defendants may yet be found liable for some or all of the Plaintiff's injuries and losses if the jury finds that they directly and proximately resulted from the Defendants' failure to comply with the requirements of the ordinance. The two alleged negligence are independent, and though they may concur in producing a single, indivisible injury, one is not necessary to the other. What is necessary, in either instance, is a finding that the breach of care involved directly and proximately resulted in some part of the injuries and losses that are proved.
We find that the trial court erred when it granted the Defendant's motion for summary judgment. We also find that the trial court erred when it denied the Plaintiff's motion for summary judgment on her claim of negligence, per se. We further find that the trial court did not err when it denied the other relief requested in the Plaintiff's motion.
 Conclusion
Plaintiff's assignment of error is sustained in part and overruled in part.
The order from which the appeal was taken is Reversed to the extent that it granted summary judgment to Defendants-Appellees, and the case is remanded for further proceedings on the claims for relief involved.
The order from which the appeal is taken is Affirmed to the extent that it denied Plaintiff-Appellant's motion for summary judgment on her claim that Defendant-Appellees were negligent in causing or permitting the fire that is the subject of her claim for relief.
The order from which the appeal was taken is Reversed to the extent that it denied Plaintiff-Appellant's motion for summary judgment on her claim that Defendant-Appellees were negligentper se for failing to install smoke detector alarms. The case is remanded to the trial court on our mandate to grant Plaintiff-Appellant's motion for summary judgment in that respect.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Anthony F. Comunale, Esq. Paul B. Roderer, Esq. Hon. David A. Gowdown