DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Barbara and Robert Jowett, appeal from an order of the Summit County Court of Common Pleas that granted summary judgment to appellee, Brandywine Ski Resort, Inc. ("Brandywine"). This Court affirms.
The basic facts of this case are not disputed. On February 9, 1996, Barbara Jowett was injured while skiing at Brandywine. Jowett, who had skiied at Brandywine several times before, completed two runs down "Shredder," the intermediate-level slope. During her third run down Shredder, she decided to stop skiing for the day because she found the conditions to be too slippery. Rather than completing her third run down Shredder, she cut across "Grizzly," the most difficult slope at Brandywine. While crossing Grizzly, Jowett lost control of her skiing. She continued skiing out of control down the slope and collided with a boundary fence, sustaining injuries.
The Jowetts filed a personal injury action against Brandywine, alleging that Barbara Jowett's personal injuries, and Robert Jowett's loss of consortium, were the result of Brandywine's willful and wanton misconduct regarding its placement and maintenance of the boundary fence. Brandywine moved the trial court for summary judgment, with evidentiary support, asserting: (1) that the fence was open and obvious, (2) that Barbara Jowett assumed the risk of injury by engaging in the sport of skiing, (3) that Barbara Jowett had signed a written release, (4) that safer fencing would not have prevented Barbara Jowett's injuries, and (5) that the Jowetts could not establish any recklessness or willful or wanton misconduct by Brandywine. The Jowetts filed a brief in opposition with evidentiary support. The trial court granted summary judgment to Brandywine. The Jowetts appeal, assigning one error for this Court's review.
The Jowett's sole assignment of error is that the trial court improperly granted summary judgment to Brandywine. In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court. Perkins v.Lavin (1994), 98 Ohio App.3d 378, 381. Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) [N]o genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.
State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589. "Doubts must be resolved in favor of the nonmoving party." Hortonv. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 686.
A party seeking summary judgment must not only state the specific basis for its motion, but it must also point to portions of the record that demonstrate its argument. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293, 296. It must support its argument with "some evidence of the type listed in Civ.R. 56(C)." Id. at 293. If the moving party satisfies its intial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial[.]" Id.
The Jowetts' entire action was based on allegations of willful and wanton misconduct by Brandywine; they made no allegations of negligence. They alleged that Brandywine knew or should have known that the fencing "would in all probability result in injury to the public" but that it acted in reckless disregard of that knowledge.
Willful misconduct involves "an intent, purpose or design to injure." McKinney v. Hartz Restle Realtors, Inc. (1987),31 Ohio St.3d 244, 246, quoting Denzer v. Terpstra (1934), 129 Ohio St. 1, 1 O.O. 303, paragraph two of the syllabus. Wanton misconduct is conduct where one "fails to exercise any care whatsoever toward those to whom he owes a duty of care, and [t]his failure occurs under circumstances in which there is a great probability that harm will result." McKinney,31 Ohio St.3d at 246, quoting Hawkins v. Ivy (1977), 50 Ohio St.2d 114, syllabus. Because a defendant's state of mind must ordinarily be proven by circumstantial evidence, plaintiffs typically attempt to establish this level of culpability through evidence that the defendant had knowledge of prior similar accidents but failed to take remedial action. See, e.g., Valescu v. Cleveland Metroparks Sys. (1993),90 Ohio App.3d 516, 522-523.
Brandywine moved for summary judgment, asserting, among other things, that the Jowetts could not establish any willful or wanton misconduct on its part. Specifically, it argued that the Jowetts could not establish that Brandywine disregarded a known risk of injury. It supported this argument with Barbara Jowett's deposition testimony in which she conceded that she was not aware of any prior accidents involving skiers colliding with this particular fence. This evidence was sufficient to satisfy Brandywine's initial burden under Dresher. The burden then shifted to the Jowetts to point to specific evidence of willful or wanton misconduct.
The Jowetts supported their opposition to summary judgment on this issue with the decisions of the Summit County Court of Common Pleas in three prior cases against Brandywine and its "sister company," Boston Mills Ski Resort[1]: Shaheen v. Boston MillsSki Resort, Inc. (Jan. 31, 1992), Summit C.P. No. CV 90 09 3332, unreported; Toth v. Brandywine Ski Center, Inc., Summit C.P. No. 10 3319, unreported; and Disbrow v. Brandywine Ski Center, Inc., Summit C.P. No. CV 85 1 0229, unreported.[2]
Although each of the cases cited by the Jowetts involved accidents in which a skier collided with a fence while skiing, there is nothing to indicate that the accidents involved the same fence with which Barbara Jowett collided. In fact, the fences inShaheen and Toth were not the same fence because Shaheen's accident apparently occurred at a different location and Toth's accident involved a fence that was described as a fence between two slopes, not a fence at the bottom of a slope. AlthoughDisbrow might have involved the same or a similar fence, there simply is not enough evidence in the record to of the circumstances surrounding Disbrow's injury. The Jowett's evidence does not indicate the exact location of the fence in Disbrow, the materials from which it was constructed, or any of the specific details of its maintenance or construction. Moreover, this one arguably similar accident occurred fourteen years before Barbara Jowett's accident. It is impossible to conclude from this evidence that Brandywine was indifferent to known risk of injury. Because the Jowetts failed to raise a genuine issue of fact on the issue of willful or wanton misconduct, summary judgment was properly granted to Brandywine. The Jowett's assignment of error is overruled.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
BETH WHITMORE FOR THE COURT SLABY, P.J.
BATCHELDER, J.
CONCUR
[1] The Jowett's brief in opposition to summary judgment dubbed Boston Mills the "sister company" of Brandywine, but they offered no evidence to demonstrate such a relationship.
[2] This Court has not included the dates of two of these decisions because the time stamps on the photocopies submitted are not completely legible. It appears that Disbrow was decided during August of 1985 or 1986. The date of Toth is completely illegible, but, because it was decided by Judge John W. Reece, who was later elected to this Court, it must have been before February 2, 1989.