DENNISON, APPELLANT, *v.* BUCKEYE PARKING CORP., APPELLEE.

(No. 4777—Decided February 19, 1953.)

*Mr. Wilmore Brown* and *Mr. Russ Bothwell,* for appellant.

*Messrs. Wiles & Doucher,* for appellee.

WISEMAN, P. J. This is an appeal on questions of law from the judgment of the Common Pleas Court striking certain allegations from the petition and, upon an election of the plaintiff not to amend, dismissing the action.

Plaintiff alleged that she was injured while walking on a defective sidewalk abutting defendant's automobile parking lot. The plaintiff pleaded the ordinance of the city of Columbus which makes it the duty of the abutting property owner "to keep the paved sidewalk in front of and abutting upon such lot or parcel of land constantly in good order and repair." A motion to strike that portion of the petition referring to the ordinance was sustained. The trial court cites the text in 28 Ohio Jurisprudence, 632 *et seq.,* and the case of *McCarthy, Admr.,* v. *Adams,* 42 Ohio App., 455, 182 N. E., 324, as supporting authority.

In the instant case it is not alleged that the defendant constructed an obstruction, or that the defect was created by the affirmative negligence of the defendant, such as constructing a manhole in the sidewalk and leaving it uncovered. This case does not fall in that category. In the instant case the wear and tear of ordinary vehicular traffic across the sidewalk caused the sidewalk to become in need of repair.

We are in accord with the opinion of Judge Randall and the application by the trial court of the well-established principle of law that the failure of the abutting owner to maintain a sidewalk in good repair in compliance with an ordinance, without more, does not

give rise to a right of action on the part of a pedestrian who is injured by reason of such defect.

*Judgment affirmed.*

MILLER and HORNBECK, JJ., concur.