(Nos. 8758 and 8762—Decided April 11, 1960.)

*Messrs. McIntosh & McIntosh*, for appellants.
*Messrs. Dolle, O'Donnell, Cash, Fee & Hahn* and *Mr. Jacob
K. Stein*, for appellees.

LONG, J.   These causes were tried below and grew out of
an accident wherein Willa B. Purdom fell to the sidewalk while
walking in front of the premises owned by defendants, and in
which defendants were conducting a suit and cloak business.
Willa B. Purdom instituted suit for her injuries and her hus-
band, Drue Purdom, instituted suit for medical expenses and
loss of services of his wife.   Both suits were tried together, and
the court sustained defendants' motions for instructed verdicts
at the conclusion of the plaintiffs' evidence.   It is from that
ruling of the court that appeals are had here.

Briefly stated, the facts giving rise to Mrs. Purdom's in-
juries are as follows:

She was walking, as aforesaid, and stepped upon a portion
of the sidewalk wherein ''one block of the cement was lower
than the block next to it.''   This was described by plaintiffs as
''the nature of the defect.''   The theory of the plaintiffs is that
during some 40 or more years defendants, in the conduct of
their business, deposited boxes and freight upon the sidewalk;
that these were dragged across the sidewalk, as a result of which
the depression or difference in elevation of the cement blocks
occurred; that such use of the sidewalk was negligent; and that

plaintiffs' resulting damage creates a liability for which defendants must respond.

It is not necessary to cite the well-established rule that the city is primarily liable for defects in a sidewalk which constitute a nuisance. It is also well established that a property owner is never liable for defects in sidewalks unless they were positively created by the abutting owner, or the owner appropriated a portion of the public walk for his own purposes and then negligently failed to keep that portion of the walk in repair or was guilty of negligence in its original construction. *Eichorn* v. *Lustig's, Inc.*, 161 Ohio St., 11, 117 N. E. (2d), 436. There is no evidence in these cases that the construction or maintenance of the cellar door had anything to do with the condition of the sidewalk about which plaintiffs complain.

Mrs. Purdom testified as follows:

"Q. Now, this defect that you have described and diagramed here on the blackboard, as I understand it, it consists of a difference in level between adjacent blocks of cement, is that correct? A. Yes.

"Q. And as I understand it, you told us this one block was a little lower (2 inches) than the block next to it and this was the nature of the defect? A. Yes."

It must be kept in mind that plaintiffs' theory is that defendants caused boxes and crates to be dragged across the public sidewalk, causing the defective condition which resulted in the damages to the plaintiffs. Even if this were true, the condition complained of resulted from wear and tear in the use of the sidewalk. Of course, the defendants' use of the sidewalk may have been more severe than ordinary, but that use is only a question of degree. In the case of *Dennison* v. *Buckeye Parking Corp.*, 94 Ohio App., 379, 115 N. E. (2d), 187, the court held that, notwithstanding an ordinance of the city of Columbus, failure of a parking-lot owner to keep his sidewalk in repair did not make him liable for damages to a pedestrian, even though the passage of automobiles over the sidewalk subjected it to more strenuous usage than mere pedestrian traffic. In the opinion in the *Dennison case*, the court pointed out that to be actionable the defect complained of must be the result of *"affirmative negligence"* such as "leaving * * * [a manhole] uncovered."

Even if the abutting owners in these cases were responsible for the sidewalk's disrepair, the Supreme Court has ruled repeatedly that a depression of two inches or a defect consisting of an elevation of a manhole cover, two inches above the surrounding sidewalk, is not a substantial defect. *Buckley* v. *City of Portsmouth*, 168 Ohio St., 513, 156 N. E. (2d), 468. Why should a stricter rule be applied to an abutting-property owner than to a municipality, as in these cases?

The defendants also raise the question of contributory negligence on the part of Mrs. Purdom. Although it is not necessary for us to pass on this phase of the cases, we feel constrained to call attention to the testimony of Drue Purdom, the husband, who went to his wife's assistance:

"Q. Yes, and after Mrs. Purdom had fallen and after you went over to her, I take it that you had no difficulty examining the sidewalk under the light and conditions that existed there at the time? [The accident happened in broad daylight.] A. No, you could see it perfectly.

"Q. And this defect or declivity which you described to us concerning the sidewalk, I take it was perfectly visible? A. The defect in the pavement?

"Q. Yes? A. Certainly.

"Q. I'm sorry, the people in the jury can't hear you. A. It was perfectly visible yes."

From this testimony we think the jury could well have found Mrs. Purdom guilty of contributory negligence.

However, we are deciding these cases on what we consider the well-established law of Ohio to the effect that, as in the cases at bar, an abutting property owner is not responsible for defects in a sidewalk which have been occasioned by ordinary wear and tear, even though he has subjected the sidewalk to more strenuous use, because of the character of his business, than by those using the same in the ordinary modes of travel.

The judgments of the Court of Common Pleas are affirmed.

*Judgments affirmed.*

MATTHEWS, P. J., and O'CONNELL, J., concur.