OPINION
{¶ 1} Plaintiff-appellant, Jo Ann Yonut ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas in which that court granted summary judgment in favor of defendants-appellees, Steven and Tracey Salemi ("appellees") and dismissed appellant's negligence claim.
 {¶ 2} The following relevant facts are gleaned from the record. At approximately 9:30 p.m. on the evening of April 7, 2002, appellant fell on the sidewalk outside of appellees' home, which is located on Melinda Drive in the city of Westerville in Franklin County. According to appellant's deposition testimony, just as she walked past a large tree that obstructed the light from streetlamps and other lighting sources, her left shoe struck a raised portion of the sidewalk. This caused appellant to fall. She sustained serious injuries to her left elbow when she landed.
 {¶ 3} On March 17, 2005, appellant refiled her complaint after having previously filed it and later dismissing it pursuant to Civ.R. 41(A). On April 11, 2005, appellees filed their answer, in which they denied all of the allegations of the complaint. On June 2, 2005, appellees filed a motion for summary judgment. Therein they argued (1) appellant's complaint is time-barred; (2) the raised portion of the sidewalk upon which appellant alleged she tripped was raised less than two inches above the contiguous section, and this difference is insubstantial as a matter of law; and (3) appellant cannot demonstrate that appellees owed her a duty to repair the alleged defect in the sidewalk.
 {¶ 4} On August 31, 2005, following full briefing, the trial court rendered a decision granting appellee's motion. The court found that appellant's complaint is not time-barred and that, given the attendant circumstances to which appellant testified in her deposition, it could not say that the defect in the sidewalk is insubstantial as a matter of law. Finally, however, it found that appellees owed appellant no duty to repair the alleged defect in their sidewalk. The court rejected appellant's argument that she was a "public invitee" and not merely a licensee. The court also rejected appellant's argument that a section of the Codified Ordinances of Westerville, which requires property owners to keep sidewalks abutting their property in good repair, was enacted for the benefit of the members of the public and gave rise to a duty on appellees' part to protect appellant.
 {¶ 5} The trial court found that there remained no genuine issue of fact on the issue of the existence of a duty, and that appellant could not demonstrate that appellees owed her a duty. Thus, the court determined that appellees were entitled to judgment as a matter of law. On September 20, 2005, the trial court journalized a judgment entry granting summary judgment in favor of appellees and dismissing appellant's complaint with prejudice. Appellant timely appealed to this court and presents one assignment of error for our review, as follows:
The trial court erred in granting summary judgment in favor of defendant[s] when the case presents genuine issues of material fact and the defendant[s] [were] not entitled to judgment as a matter of law.
 {¶ 6} Appellees have pursued a conditional cross-appeal in which they argue that the trial court erred when it determined that appellant's claim is not time-barred and that the height difference in the two portions of sidewalk upon which appellant tripped was not insubstantial as a matter of law. We need not address the conditional cross-appeal unless we find error necessitating reversal based upon our review of appellant's assignment of error.
 {¶ 7} We begin by recalling the standard of review applicable in an appeal from a grant of summary judgment. We review the trial court's grant of summary judgment de novo. Coventry Twp.v. Ecker (1995), 101 Ohio App.3d 38, 654 N.E.2d 1327. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ.R. 56(C); State ex rel. Grady v. State Emp. Rels. Bd.
(1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343. We construe the facts gleaned from the record in a light most favorable to appellant, as is appropriate on review of a summary judgment. We review questions of law de novo. Nationwide Mut. Fire Ins. Co.v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108,652 N.E.2d 684, citing Ohio Bell Tel. Co. v. Pub. Util. Comm. (1992),64 Ohio St.3d 145, 147, 593 N.E.2d 286.
 {¶ 8} Appellant's complaint sounds in negligence. To establish an action in negligence, a plaintiff must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom. Menifee v. Ohio WeldingProducts, Inc. (1984), 15 Ohio St.3d 75, 77, 15 OBR 179,472 N.E.2d 707. The trial court determined that appellees owed no duty to appellant to protect her from the alleged defect in their sidewalk.
 {¶ 9} "In Ohio, the status of the person who enters upon the land of another (i.e., trespasser, licensee, or invitee) continues to define the scope of the legal duty that the landowner owes the entrant." Gladon v. Greater ClevelandRegional Transit Auth. (1996), 75 Ohio St.3d 312, 315,662 N.E.2d 287. "Ohio adheres to the common-law classifications of invitee, licensee, and trespasser in cases of premises liability." Ibid.
 {¶ 10} Invitees are persons who rightfully come upon the premises of another by express or implied invitation, for some purpose that is beneficial to the owner. Ibid. The premises owner has a duty to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition. Presley v.Norwood (1973), 36 Ohio St.2d 29, 31, 65 O.O.2d 129,303 N.E.2d 81. A licensee is a person who enters the premises of another by permission or acquiescence, for his own pleasure or benefit, and not by invitation. Light v. Ohio Univ. (1986),28 Ohio St.3d 66, 68, 28 OBR 165, 502 N.E.2d 611. "A licensee takes his license subject to its attendant perils and risks. The licensor is not liable for ordinary negligence and owes the licensee no duty except to refrain from wantonly or willfully causing injury." Ibid. "Willful conduct `involves an intent, purpose or design to injure.'" McKinney v. Hartz Restle Realtors, Inc. (1987),31 Ohio St.3d 244, 246, 31 OBR 449, 510 N.E.2d 386, quoting Denzerv. Terpstra (1934), 129 Ohio St. 1, 1 O.O. 303, 193 N.E. 647, paragraph two of the syllabus. Finally, one who, without express or implied authorization, invitation or inducement, enters private premises purely for his own purposes or convenience is a trespasser. Ibid. In the present case, the trial court found that appellant was a licensee when she entered appellees' property.
 {¶ 11} Appellant advances two arguments in support of her assignment of error. First, she argues that she was not a licensee to whom appellees merely owed the duty not to willfully cause injury, but that she was an invitee to whom appellees owed a duty of ordinary care. She does not attempt to demonstrate that she meets the common law definition of "invitee" in that appellees invited her onto their property for a purpose beneficial to them. In fact, she argues that the common law definition of "invitee" is unworkable in the context of injuries that occur on sidewalks. Rather, she urges us to adopt the notion of a "public invitee" found in 332 Restatement of the Law 2d, Torts (1965) 176. That section provides, in pertinent part:
(1) An invitee is either a public invitee or a business visitor.
(2) A public invitee is a person who is invited to enter and remain on land as a member of the public for a purpose for which the land is held open to the public.
 {¶ 12} The foregoing definition departs completely from the common-law "benefits test" because it contains no requirement that some type of benefit must be conferred on the owner or occupier before a visitor can be considered an invitee. Rather, "the `public invitee' standard looks simply to whether an invitation has been implied or expressed to the visitor. Specifically, under the invitation test the economic benefit between the parties is not essential." Provencher v. Ohio Dept.of Transp. (1990), 49 Ohio St.3d 265, 266-267, 551 N.E.2d 1257.
 {¶ 13} The Supreme Court of Ohio in Provencher explicitly declined to adopt the "public invitee" doctrine. Id. at 267. Therefore, if we accepted appellant's theory that she achieved invitee status by virtue of her exercise of appellees' implied grant of permission to the general public to traverse their sidewalk, without showing that such use conferred a beneficial interest upon appellees, we would be ignoring the precedent clearly set by the Supreme Court of Ohio in Provencher. We decline to do so.
 {¶ 14} We therefore hold that, as a matter of law, appellant occupied only a licensee's status, and appellees owed appellant "no duty except to refrain from wantonly or willfully causing injury." Light v. Ohio Univ. (1986), 28 Ohio St.3d 66, 68, 28 OBR 165, 502 N.E.2d 611.
 {¶ 15} Appellant's second argument in support of her assignment of error is that regardless whether she is treated as an invitee or licensee for purposes of appellees' common law duty, appellees owed her a duty of ordinary care by virtue of Section 909.02 of the Codified Ordinances of Westerville. That section provides:
Each owner of any lot or parcel of ground in the City shall cause the sidewalks, curbs and gutters and every part thereof in front of, along side or abutting the lot or parcel to be kept in good repair and free from any nuisance. Repairs shall be made by order of the City Manager and shall be supervised by him or his authorized representative.
 {¶ 16} Appellant directs our attention to the case of Crowev. Hoffman (1983), 13 Ohio App.3d 254, 13 OBR 316,468 N.E.2d 1120, in which the Sixth Appellate District held that, although an owner whose property abuts a public sidewalk is not, generally, liable for injuries sustained by a pedestrian thereon,[1] there is an exception in a situation in which "a statute or ordinance imposes upon [the owner] a specific duty to keep the sidewalk adjoining his property in good repair." Id. at 256.
 {¶ 17} Appellant contends that the Westerville ordinance sets forth a specific duty of care pursuant to which landowners must protect pedestrians from defects in their sidewalks. She argues that the plain language of the ordinance is mandatory, not directory. Thus, according to appellant, it created an absolute duty on the part of appellees to keep their sidewalk free from defects, and a concomitant duty to protect appellant from such defects.
 {¶ 18} In our view, the proposition espoused in Crowe is not supported by applicable precedent. Strangely, the Crowe
court cited a case decided by the Tenth Appellate District, in which we held that, "[f]ailure of an abutting owner to maintain a sidewalk in good repair in compliance with an ordinance requiring that he do so, without more, does not give rise to a cause of action in favor of a pedestrian who is injured by reason of a defect in such sidewalk." Dennison v. Buckeye Parking Corp.
(1953), 94 Ohio App. 379, 52 O.O. 38, 115 N.E.2d 187, syllabus.
 {¶ 19} We believe that Dennison is dispositive of appellant's argument. Even if appellees had violated Section909.02 of the Codified Ordinances of Westerville, this violation, without more, does not give rise to a cause of action in appellant's favor simply because she was injured as a result of an alleged defect.
 {¶ 20} The court in Crowe noted that "[a] property owner will be liable [to a pedestrian who is injured because of a defect in the sidewalk abutting the owner's property] if byaffirmative acts he created or negligently maintained the defective or dangerous condition causing the injury[,]" or if the owner "negligently permitted the defective or dangerous condition to exist for some private use or benefit." Crowe, supra, at 255-256, citing Eichorn v. Lustig's, Inc. (1954),161 Ohio St. 11, 52 O.O. 467, 117 N.E.2d 436. (Emphasis sic.) We observe that the Eichorn case involved an injury that occurred on a public street, not a sidewalk. We need not decide whether we agree with the Crowe court's application of Eichorn to a case involving an injury occurring on a sidewalk because the record in this case discloses no evidence that appellees affirmatively created or negligently maintained the allegedly defective condition in the sidewalk, or that they negligently permitted the alleged defect to exist for some private use or benefit. At most, they may have failed to keep their sidewalk in good repair. However, this, without more, does not confer upon appellant the right to bring a negligence action against them. Dennison,
supra.
 {¶ 21} Moreover, the ordinance itself contains no language conferring a private right of action. The consequences for noncompliance with Section 909.02 are set forth in Section909.04, which provides, "[i]f the owner of such land fails to comply with the notice [from the City Manager, pursuant to Section 909.03] or to cause the repairs to be completed in accordance with the provisions of this chapter, the City Manager shall cause the sidewalks, curbs or gutters, or parts thereof, to be repaired and assess the costs thereof against the lots and lands abutting thereon." The only penalty for noncompliance that the ordinance prescribes is found at Section 909.99, which provides for the assessment of a fine not to exceed $50 for each offense, with a separate offense to be deemed committed for each day during which a violation occurs.
 {¶ 22} We agree with the trial court's conclusion that appellees may not be held liable in negligence for appellant's injuries merely because it is alleged that appellees violated Section 909.02 of the Codified Ordinances of Westerville.
 {¶ 23} In summary, we reject both of appellant's arguments in support of her assignment of error. We conclude that appellant was a licensee — not an invitee — when she entered upon appellees' sidewalk, and appellees thus owed her only the duty to refrain from willfully injuring her. We further conclude that Section 909.02 of the Codified Ordinances of Westerville did not impose a duty of ordinary care upon appellees.
 {¶ 24} For these reasons we overrule appellant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Petree and French, JJ., concur.
[1] Eichorn v. Lustig's, Inc. (1954), 161 Ohio St. 11, 13, 52 O.O. 467, 117 N.E.2d 436.