OPINION {¶ 1} Plaintiff-appellant, Rita Miller ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Donald Cruickshank ("appellee").
 {¶ 2} This matter arises out of an incident that occurred on September 13, 2003, in Franklin County, Ohio, in which appellant sustained injuries after she tripped and fell over a deviation in a public sidewalk abutting appellee's property. The deviation *Page 2 
concerned a section of sidewalk that was higher than adjoining sections creating a raised area. The raised portion was allegedly caused by tree roots from a tree growing in appellee's yard. According to his deposition, appellee planted the tree near the sidewalk years ago after he purchased the home. Appellee rationalized that the sidewalk defect was due to the tree roots growing over time, and raising a portion of the sidewalk causing it to be uneven.
 {¶ 3} Plaintiff filed her complaint on September 12, 2005, alleging appellee owed her a duty to keep the sidewalk in good repair, to use ordinary care, and provide notice of any defects about which appellee knew or should have known. Appellant alleges not only a common law duty, but also a duty arising from a City of Upper Arlington ordinance requiring appellee to repair and maintain the sidewalk.
 {¶ 4} On June 17, 2006, appellee moved for summary judgment, arguing that he did not owe a duty to appellant, and therefore, could not be liable for appellant's injuries. Alternatively, appellee argued that if he did owe a duty to appellant, the alleged defect was open and obvious. Relying on Yonut v. Salemi, Franklin App. No. 05AP-1094, 2006-Ohio-2744, and Crowe v. Hoffman (1983), 13 Ohio App.3d 254, the trial court concluded that this matter did not fit into any of the exceptions to the general rule that an owner of property abutting a public sidewalk is not liable to a pedestrian for injuries proximately caused by a defective or dangerous condition in the sidewalk. Finding no genuine issues of material fact, the trial court granted judgment as a matter of law in favor of appellee.
 {¶ 5} Appellant timely appealed and brings the following single assignment of error for our review: *Page 3 
 The Trial Court erred to the substantial prejudice of Plaintiff-Appellant Rita Miller in entering summary judgment for Defendant-Appellee Donald Cruickshank when Plaintiff-Appellant presented evidence over which reasonable minds could differ as to whether Defendant-Appellee created or negligently maintained an unsafe and defective sidewalk in front of his residence, and/or whether Defendant-Appellee negligently permitted the unsafe and defective sidewalk to exist for his private use or benefit.
 {¶ 6} We begin by noting this matter was decided in the trial court by summary judgment, which under Civ.R. 56(C) may be granted only when there remains no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. Tokles Son, Inc. v. Midwestern Indemn. Co.
(1992), 65 Ohio St.3d 621, 629, citing Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64. Additionally, a moving party cannot discharge its burden under Civ.R. 56 simply by making conclusory assertions that the nonmoving party has no evidence to prove its case.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Rather, the moving party must point to some evidence that affirmatively demonstrates that the nonmoving party has no evidence to support his or her claims. Id.
 {¶ 7} An appellate court's review of summary judgment is de novo. Koosv. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588; Patsy Bardv. Society Nat. Bank, nka KeyBank (Sept. 10, 1998), Franklin App. No. 97APE11-1497. Thus, we conduct an independent review of the record and stand in the shoes of the trial court. Jones v. Shelly Co. (1995),106 Ohio App.3d 440, 445. As such, we have the authority to overrule a trial court's judgment if the record does not support any of the grounds raised by the movant, even if the trial court failed to consider those grounds. Bard. *Page 4 
 {¶ 8} To establish a negligence action, a plaintiff must establish the existence of a duty, breach of that duty, and an injury proximately caused from the same. Menifee v. Ohio Welding Products, Inc. (1984),15 Ohio St.3d 75. To defeat a motion for summary judgment in a negligence action, the plaintiff must identify a duty owed to him by the defendant.Back v. Gatsby Saloon, Inc. (June 1, 1995), Franklin App. No. 94APE12-1781. Here, the trial court concluded that appellee owed no duty to appellant, and therefore, her cause of action failed as a matter of law.
 {¶ 9} On appeal, appellant's argument is three-fold: (1) it was error to apply a premises liability standard to determine the duty owed to appellant; (2) it was error to hold that a violation of the city's municipal ordinance could not serve as a basis for a negligence claim without considering the specific language or stated goals of the ordinance; and (3) it was error to grant summary judgment because reasonable minds could differ as to whether appellee negligently created, maintained and/or permitted the defective condition in the sidewalk to exist for his private use or benefit.
 {¶ 10} Our analysis begins with a discussion of the Supreme Court of Ohio's decision in Eichorn v. Lustig's, Inc. (1954), 161 Ohio St. 11, wherein the plaintiff was walking on a sidewalk in front of the defendant's place of business when she stepped through depressions and elevations causing her to fall and sustain injuries. As noted by the court, unless otherwise established, a sidewalk on a public street is presumed to be within the limits of the public street and under the control of the municipality. Id. at 13. As such, the duty to keep streets, including sidewalks, in repair and free from nuisance rests upon a municipality and not the abutting property owners. Id., citingWilhelm v. City of Defiance (1898), 58 Ohio St. 56. See, also, R.C.723.01. "Owners of property abutting *Page 5 
on a public street are not liable for injuries to pedestrians resulting from defects in such streets unless such defects are created or negligently permitted to exist by such owners for their own private use or benefit, such as an open trap door in a sidewalk." Eichorn, at 14, citing Herron v. City of Youngstown (1940), 136 Ohio St. 190.[1]
 {¶ 11} Appellant refers this court to Crowe, supra, in which the Sixth District of Ohio enumerated three exceptions to the general rule that an owner of property abutting a public sidewalk is not liable for injuries sustained by a pedestrian thereon. The first exception is if a statute or ordinance imposes upon the property owner a specific duty to keep the sidewalk adjoining this property in good repair. Id. at 255, citingDennison v. Buckeye Parking Corp. (1953), 94 Ohio App. 379. The second exception is when a property owner "by affirmative acts" creates or negligently maintains the defective or dangerous condition causing the injury. Id., citing Eichorn. The third exception is when a property owner negligently permits the defective or dangerous condition to exist for some private use or benefit. Id., citing Eichorn.
 {¶ 12} As to the first exception, it is undisputed that the City of Upper Arlington has a codified ordinance that provides in pertinent part:
 Each owner of any lot or parcel of ground in the City shall cause the sidewalk and every part thereof in front of, alongside or abutting such lot or parcel to be kept in good order and repair and free from any nuisance. The City Manager or designee may direct such owner to perform replacement or repair as needed to ensure the publics' health, safety and welfare, if one of the following is present:
 (A) A minimum of one inch (1") vertical separation anywhere in the sidewalk area, including individual blocks. *Page 6 
 (B) Slope along or across a sidewalk block of one inch (1") or more per foot above or below the adjacent sidewalk block's grade.
 (C) Spalled concrete, deteriorated patches, wedges or ramps, exceeding a 1 in 12 slope, loose or partial infill, cracks of one-half inch (1/2") or more in width, or cracks with protruding vegetation, all of which create an irregular walking surface.
 * * *
 Such owner shall not be subject to the penalty provided by CO. § 901.99, by reason of his failure to keep such sidewalk in repair, unless written notice has been given him by the City Manager or designee, designating the repairs needed and fixing a time, not less than ten (10) days after the date of such notice, within which such repairs are to be made. * * *
(Codified Ord. of Upper Arlington 901.03.)
 {¶ 13} However, as held by this court in Dennison and recently reiterated in Yonut, the failure of an abutting property owner to maintain a sidewalk in good repair in compliance with an ordinance, without more, does not give rise to a right of action on the part of a pedestrian who is injured by reason of such defect. Other Ohio courts, including the Supreme Court of Ohio, have found that other city ordinances using similar language to Upper Arlington's municipal code, do not impose a duty on abutting landowners to pedestrians, but rather impose only a duty to assist the city in the maintenance and repair of sidewalks. Lopatkovich v. Tiffin (1986), 28 Ohio St.3d 204; Pozniak v.Recknagel, 9th Dist. No. 03CA008320, 2004-Ohio-1753;Tackett v. Ball (Sept. 23, 1998), 4th Dist. No. 97CA822;Michalak v. Trust (June 28, 1996), 6th Dist. No. L-95-332.
 {¶ 14} The Eighth District of Ohio has held that an ordinance may be relied upon to impose liability where an ordinance is in place imposing liability on a property owner for *Page 7 
damages sustained by third parties for the owner's failure to comply with that ordinance, and the municipality has provided the owners with notice of the violation. Hughes v. Kozak (Feb. 22, 1996), 8th Dist. No. 69007. See, also, Michalak, supra. However, we are not presented with any evidence that Upper Arlington provided notice to appellee of an ordinance violation.
 {¶ 15} Moreover, as in Yonut, the ordinance here contains no language conferring a private right of action for a violation of the ordinance. Though appellant urges otherwise, we find no basis to part from well-established precedent and conclude that appellee may not be held liable in negligence for appellant's injuries merely because it is alleged that appellee violated Section 901.03 of the Codified Ordinances of Upper Arlington.
 {¶ 16} With respect to the second and third exceptions set forth inCrowe, these are essentially reiterations of the exceptions declared inEichorn and previously mentioned. Appellant contends there is an issue of fact concerning the application of these two exceptions to the circumstances presented in this case.
 {¶ 17} According to appellee, the portion of the sidewalk at issue had risen over the previous "14 or so years." (Depo. at 17.) Appellee admitted in his deposition that years ago, he planted the tree six to eight feet from the sidewalk, and although he did not know for certain, he thought it was the tree root that caused the sidewalk to rise. Therefore, according to appellant, there is an issue of fact as to whether appellee created or maintained the defect, or permitted the defect to exist for a private use or benefit.
 {¶ 18} "Negligent conduct on the part of an abutting property owner as to the existence of a defective sidewalk in front of his property will not be presumed but must be *Page 8 
proven by affirmative evidence. Such evidence must necessarily show that the use of the sidewalk which brought about its disrepair was expressly or impliedly authorized by such owner." Eichorn at 14. In the case at bar, use of the sidewalk did not bring about its disrepair. Appellee's affirmative act was planting a tree in the yard that over time grew, along with its roots, which caused damage to the sidewalk. Thus, there was no "use of the sidewalk" that was expressly or impliedly authorized by the abutting property owner, because there was essentially no "use of the sidewalk" at all.
 {¶ 19} Though an interesting scenario appellant presents, we cannot find that this factual scheme presents the type of "affirmative act" contemplated by Eichorn and its progeny so as to establish liability of an owner of property abutting a sidewalk for defects thereon that result in injury. As emphasized in Dennison, the defect complained of must be the result of "affirmative negligence" such as leaving a manhole uncovered, or as stated in O'Neal v. Arndt, 6th Dist. No. OT-98-035, appropriating a portion of a sidewalk for the property owners' private use or benefit, such as installing a trap door or coal chute. O'Neal.
 {¶ 20} "Even if a landowner's use of a sidewalk may have been more severe than ordinary use, that is only a question of degree and does not create liability for the landowner." Id., citing Purdom v. Sapadin
(1960), 111 Ohio App. 488, 489. Thus, if appellee ran a business out of his home and the passage of automobiles over the sidewalk subjected it to more strenuous usage than mere pedestrian traffic, such would not constitute an "affirmative act" so as to result in liability to appellee. See, e.g., Purdom. Moreover, normal wear and tear of a sidewalk, without any "affirmative negligence" by the adjacent landowner, will not create liability to the landowner. Purdom, citingDennison. *Page 9 
Here, we are not even presented with use of the sidewalk, but rather, use of appellee's yard that over time and through natural climate occurrences allowed a tree to grow resulting in a raised portion of the sidewalk. Appellee did not affirmatively create the raised portion of the sidewalk on which appellant fell. Further, it cannot be said that appellee permitted the defect to exist for his own use or benefit. There was no use or benefit to appellee in the defective sidewalk such as a trap door or coal chute as contemplated in other cases. O'Neal, supra. Instead, the raised portion occurred gradually over a 14-year period. There is no evidence of any benefit or use to appellee, other than appellant's argument that the tree was planted 14 years ago in the yard for decorative purposes.
 {¶ 21} We decline to find that planting a curbside tree, by itself, constitutes an act of affirmative negligence. See Zawacki v. Town of N.Hempstead (1992), 184 A.D.2d 697, 585 N.Y.S.2d 93 (holding that property owners who planted a curbside tree 30 years prior to the plaintiff's fall on a sidewalk resulting in injury did not constitute an affirmative act of negligence); Picone v. Schlaich (1997), 245 A.D.2d 555,667 N.Y.S.2d 57 (holding the defendants' planting of a tree 15 years prior to plaintiff's fall does not in itself constitute an act of affirmative negligence). Thus, we find that the trial court did not err in determining that appellee was entitled to judgment as a matter of law. Consequently, we overrule appellant's single assignment of error.
 {¶ 22} For the foregoing reasons, appellant's single assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
 Judgment affirmed. *Page 10 
BROWN and TYACK, JJ., concur.
[1] The duty owed to appellant in this case arises out ofEichorn and its progeny. Therefore, we need not address appellant's argument relating to the trial court's classification of her as a licensee because it is axiomatic that such classification is immaterial in the case at bar. *Page 1