[Cite as *Jacobs v. Great S. Shopping Ctr., L.L.C.*, 2024-Ohio-1180.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

James A. Jacobs,                                    :

      Plaintiff-Appellant,              :              No. 23AP-231
                                                (C.P.C. No. 21CV-6409)

v.                                                 :

Great Southern Shopping Center, LLC et al.,        :              (REGULAR CALENDAR)

      Defendants-Appellees.             :

---

D E C I S I O N

Rendered on March 28, 2024

---

**On brief:** *Percy Squire Co. LLC*, and *Percy Squire*, for appellant. **Argued:** *Percy Squire.*

**On brief:** *Matthew M. Duffy*, for appellees. **Argued:** *Matthew M. Duffy.*

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, James A. Jacobs, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendants-appellees Great Southern Shopping Center, LLC ("Great Southern Shopping Center"), and One Main Financial. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On February 7, 2020, Jacobs tripped and fell on the sidewalk outside the One Main Financial office at 3863 South High Street, Columbus, Ohio. He suffered injuries as a result of the fall, including a laceration to his forehead and contusions to his legs and an ankle. The public sidewalk on which Jacobs tripped and fell abuts a property owned by Great Southern Shopping Center. At the time of Jacobs' trip and fall, it was daytime, and

he was not distracted as he walked. The sidewalk area of the trip and fall contained numerous cracks in the concrete. According to Jacobs' deposition testimony, it was "obvious" the sidewalk was in disrepair, and "[t]hey've * * * known about the sidewalk for a while, I think, the way it looked." (Sept. 24, 2021 Dep. at 39.) Jacobs acknowledged that he knew the sidewalk had cracks, but he was not looking down when he tripped and fell.

{¶ 3} In October 2021, Jacobs filed suit against Great Southern Shopping Center and One Main Financial, claiming negligence, negligence via res ipsa loquitur, negligence via strict liability, and negligence per se. In August 2022, appellees jointly moved for summary judgment. In March 2023, the trial court granted the summary judgment motion.

{¶ 4} Jacobs timely appeals.

## II. Assignments of Error

{¶ 5} Jacobs assigns the following two assignments of error for our review:

> [I.] The trial court erred when it determined that Appellee-Landowner had no notice of its violation of Columbus City Code §905.06 and 905.11.

> [II.] The trial court failed to resolve all reasonable inferences from the evidence in favor of Appellant-Business Invitee Mr. Jacobs.

## III. Discussion

{¶ 6} In Jacobs' first assignment of error, he contends the trial court erred in finding Great Southern Shopping Center had no notice of its violation of Columbus City Codified Ordinances 905.06 and 905.11. His second assignment of error alleges the trial court failed to resolve all reasonable inferences from the evidence in his favor. Generally, Jacobs argues the trial court erred in granting summary judgment as to his negligence and negligence per se claims in favor of Great Southern Shopping Center.[1] These assignments of error are not well-taken.

{¶ 7} "An appellate court reviews summary judgment under a de novo standard." *Estate of Sample v. Xenos Christian Fellowship, Inc.*, 10th Dist. No. 20AP-563, 2021-Ohio-

---

[1] Jacobs does not challenge the granting of summary judgment in favor of One Main Financial. Nor does he challenge the disposition of his negligence via res ipsa loquitur or negligence via strict liability claims.

3898, ¶ 9. Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997). The court reviewing the motion only may consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C).

{¶ 8} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). However, the moving party cannot discharge its initial burden under this rule with a conclusory assertion that the non-moving party has no evidence to prove its case; the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating that the non-moving party has no evidence to support the non-moving party's claims. *Id.*; *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997). Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; *Vahila* at 430; Civ.R. 56(E).

{¶ 9} Here, Jacobs asserted negligence and negligence per se claims against Great Southern Shopping Center based on his trip and fall. To establish negligence, a plaintiff must prove: (1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately resulting from the breach. *A.M. v. Miami Univ.*, 10th Dist. No. 17AP-156, 2017-Ohio-8586, ¶ 32. A plaintiff's failure to present evidence establishing any one of these elements will entitle the defendant to judgment. *Id.* The trial court found Jacobs failed to submit evidence showing Great Southern Shopping Center owed a duty, under either common law (negligence claim) or statutory law (negligence per se claim), to protect him from the hazard that caused his trip and fall. We agree.

{¶ 10} Whether a duty exists is a question of law for the court to determine. *Mussivand v. David*, 45 Ohio St.3d 314, 318 (1989). We first address Jacobs' contention that a duty existed under common law. In a premises liability case, the relationship between the owner or occupier of the premises and the injured party determines the duty owed. *Canfield v. United Airlines, Inc.*, 10th Dist. No. 21AP-252, 2021-Ohio-4460, ¶ 18. Under common law, an owner or occupier of premises owes business invitees, such as Jacobs in this case, a duty of ordinary care in maintaining the premises in a reasonably safe condition so that invitees are not unnecessarily and unreasonably exposed to danger. *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203 (1985). However, business owners are not insurers of an invitee's safety or against all forms of accidents that may occur. *Byrd v. Arbors E. & Subacute Rehab. Ctr.*, 10th Dist. No. 14AP-232, 2014-Ohio-3935, ¶ 9, citing *Paschal* at 203-04. "No presumption or inference of negligence arises from the mere occurrence of an accident or from the mere fact that an injury occurred." *Id.*

{¶ 11} The trial court determined that no common-law duty existed because the trip-and-fall hazard was open-and-obvious. We agree. The "open-and-obvious doctrine relates to the threshold issue of duty in a negligence action." *Matt v. Ravioli, Inc.*, 8th Dist. No. 100553, 2014-Ohio-1733, ¶ 10, citing *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 13. If a condition is open-and-obvious, "the premises owner is absolved from taking any further action to protect the plaintiff." *Id.* Thus, "[w]hen the open-and-obvious doctrine is applicable, it obviates the duty to warn and acts as a complete bar to recovery." *Id.* A dangerous condition "does not actually have to be observed by the claimant to be an open and obvious condition under the law. * * * Rather, the determinative issue is whether the condition is observable." *Kraft v. Johnny Biggs Mansfield, L.L.C.*, 5th Dist. No. 2012 CA 0068, 2012-Ohio-5502, ¶ 16. "The rationale underpinning the open-and-obvious doctrine is that 'the open and obvious nature of the hazard itself serves as a warning, so that owners reasonably may expect their invitees to discover the hazard and take appropriate measures to protect themselves against it.' " *Price v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-11, 2014-Ohio-3522, ¶ 10, quoting *Mann v. Northgate Investors L.L.C.*, 10th Dist. No. 11AP-684, 2012-Ohio-2871, ¶ 9, *aff'd*, 138 Ohio St.3d 175, 2014-Ohio-455.

{¶ 12} The applicability of the open-and-obvious doctrine may be resolved at summary judgment. " 'If the record reveals no genuine issue of material fact as to whether the hazard was free from obstruction and readily appreciated by an ordinary person, the open and obvious nature of the danger may appropriately be determined as a matter of law.' " *Price* at ¶ 11, quoting *Mayle v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-541, 2010-Ohio-2774, ¶ 19. "However, a question remains for trial 'if reasonable minds could differ about whether the hazard was free from obstruction and readily appreciated by an ordinary person.' " *Id.*, quoting *Mayle* at ¶ 19.

{¶ 13} Here, the trial court correctly concluded the open-and-obvious doctrine applied as a matter of law. The undisputed facts demonstrate Jacobs tripped on a crack, or broken area, of the concrete public sidewalk as he walked to One Main Financial on Great Southern Shopping Center's property. There is no reasonable dispute that the condition of this sidewalk area was not hidden from view or otherwise obstructed. Jacobs himself testified that the cracks in the sidewalk were obvious, and he knew there were cracks in the sidewalk, but he was not looking down when he tripped. This type of hazard is ordinarily readily discernable to the ordinary person, who must take the necessary steps to protect against it. "A pedestrian has a duty to look for and avoid known and obvious cracks in the walkway surface." *Waldron v. Edinger*, 10th Dist. No. 22AP-195, 2022-Ohio-4296, ¶ 14. A "pedestrian's failure to avoid an obstruction because he or she did not look down is no excuse." *Cordell v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 08AP-749, 2009-Ohio-1555, ¶ 10. This does not mean a pedestrian using a public sidewalk must "constantly look downward, but a pedestrian is under a duty to care for their own safety as those of ordinary carefulness and prudence would observe." *Cline v. Mkt. St. Assocs., L.L.C.*, 10th Dist. No. 22AP-77, 2022-Ohio-3298, ¶ 19. Thus, even if Jacobs did not look at the hazard, that fact is not legally consequential. The issue is whether the hazard was readily discoverable upon ordinary inspection. The evidence in this matter, even when construed in Jacobs' favor, demonstrated the hazard causing his fall was readily discoverable upon ordinary inspection and, thus, was open-and-obvious.

{¶ 14} In his reply brief, Jacobs raises a new argument—that there were attendant circumstances, which excused his failure to observe the hazard and sufficiently protect himself. He identifies these attendant circumstances as ice and the coloring of the broken

concrete. Pursuant to App.R. 16(C), an appellant may file a brief "in reply to the brief of the appellee." The purpose of a reply brief is to afford the appellant an opportunity to respond to the appellee's brief, not to raise an issue for the first time. *State v. Mitchell*, 10th Dist. No. 10AP-756, 2011-Ohio-3818, ¶ 47. Therefore, we generally will not address an argument raised for the first time in a reply brief. *State v. Shedwick*, 10th Dist. No. 11AP-709, 2012-Ohio-2270, ¶ 50. Even considered, this new argument carries no weight.

{¶ 15} The existence of "attendant circumstances" may excuse a pedestrian's failure to avoid an open-and-obvious hazard. *Jenkins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 12AP-787, 2013-Ohio-5106, ¶ 16. "An attendant circumstance must be so abnormal that it unreasonably increased the normal risk of a harmful result or reduced the degree of care an ordinary person would exercise." *Id.*, citing *Cummin v. Image Mart, Inc.*, 10th Dist. No. 03AP-1284, 2004-Ohio-2840, ¶ 10. "The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall." *Id.*, citing *Barrett v. Ent. Rent-A-Car Co.*, 10th Dist. No. 03AP-1118, 2004-Ohio-4646, ¶ 14.

{¶ 16} There is no precise definition of attendant circumstances. *Simms v. Penn Natl. Gaming, Inc.*, 10th Dist. No. 21AP-185, 2022-Ohio-388, ¶ 30, citing *Mulcahy v. Best Buy Stores, LP*, 5th Dist. No. 13CAE060051, 2014-Ohio-1163, ¶ 20, citing *Carter v. Miles Supermarket*, 8th Dist. No. 95024, 2010-Ohio-6365, ¶ 18. "Attendant circumstances are factors that contribute to a fall and are beyond the injured party's control." *Simms* at ¶ 30, citing *Kraft*, 2012-Ohio-5502, at ¶ 24. In *Jenkins*, this court set out a non-exclusive list of possible attendant circumstances surrounding a trip and fall on a sidewalk, including " 'poor lighting, a large volume of pedestrian traffic, the visibility of the defect, the overall condition of the walkway, and whether the nature of the site is such that one's attention would easily be distracted.' " *Jenkins* at ¶ 16, citing *Humphries v. C.B. Richard Ellis, Inc.*, 10th Dist. No. 05AP-483, 2005-Ohio-6105, ¶ 20.

{¶ 17} In opposition to the summary judgment motion, Jacobs submitted a One Main Financial incident report that contains a witness statement indicating that Jacobs fell on ice. But Jacobs testified there was no snow or other precipitation on the ground where he tripped and fell. Regardless, even if there was evidence of snow or ice in the area, the mere presence of snow or ice is not an attendant circumstance. An owner or occupier of

premises generally owes no duty to remove natural accumulations of snow and ice or warn business invitees of the dangers associated with such accumulations. *Brinkman v. Ross*, 68 Ohio St.3d 82, 83-84 (1993). Because "everyone is assumed to appreciate the risks associated with natural accumulations of ice and snow * * * everyone is responsible to protect himself or herself against the inherent risks presented by natural accumulations of ice and snow." *Id.* at 84. Further, Jacobs fails to explain how the coloring of the sidewalk concrete, and its cracking or brokenness, created an attendant circumstance. The submitted photograph of the area taken after the trip and fall reveals a sidewalk in disrepair, but nothing that reasonably demonstrates an abnormality amplifying the risk or a condition that would cause an ordinary person to exercise less care than necessary under the circumstances. Therefore, Jacobs' attendant circumstances argument is unpersuasive.

{¶ 18} For these reasons, we find the trial court correctly concluded that Great Southern Shopping Center owed no common-law duty to Jacobs as to the hazard that caused his trip and fall.

{¶ 19} Next, we address Jacobs' negligence per se claim. In *Swoboda v. Brown*, 129 Ohio St. 512, 522 (1935), the Supreme Court of Ohio stated: "The distinction between negligence and 'negligence per se' is the means and method of ascertainment. The first must be found by the jury from the facts, the conditions and circumstances disclosed by the evidence; the latter is a violation of a specific requirement of law or ordinance, the only fact for determination by the jury being the commission or omission of the specific act inhibited or required." "The concept of negligence per se allows the plaintiff to prove the first two prongs of the negligence test, duty and breach of duty, by merely showing that the defendant committed or omitted a specific act prohibited or required by statute; no other facts are relevant." *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, ¶ 15. Where a legislative enactment imposes a specific duty for the safety of others, failure to perform that duty is negligence per se. *Eisenhuth v. Moneyhon*, 161 Ohio St. 367 (1954), paragraph two of the syllabus. While the open-and-obvious doctrine eliminates a defendant's common-law duty owed to a business invitee as to the hazard, this doctrine "does not override statutory duties." *Lang* at ¶ 14; *Oliver v. Fox's Food, L.L.C.*, 10th Dist. No. 22AP-73, 2023-Ohio-1551, ¶ 17.

{¶ 20} As to the issue of whether a legislative enactment created a duty for Great Southern Shopping Center to protect Jacobs from the sidewalk in disrepair, we find this court's decision in *Miller v. Cruickshank*, 10th Dist. No. 06AP-1088, 2007-Ohio-3055, to be controlling. In *Miller*, the plaintiff tripped and fell over a deviation in a public sidewalk abutting the defendant's property. The plaintiff alleged the defendant owed her a common law duty, and a duty arising from a City of Upper Arlington ordinance requiring the defendant to repair and maintain the sidewalk. *Id*. at ¶ 3. The trial court granted summary judgment in favor of the defendant. *Id*. at ¶ 4. On appeal, this court reviewed whether the defendant owed a duty to the plaintiff. *Id*. at ¶ 8. As to this dispositive issue, this court began its analysis citing the following principles set forth by the Supreme Court in *Eichorn v. Lustig's, Inc.*, 161 Ohio St. 11 (1954): "Unless otherwise shown by evidence, a sidewalk on a public street is presumed to be within the limits of the public street and under the control of the municipality or public authority. A municipality has certain duties to the public to maintain such sidewalks in repair and free from nuisance. An abutting owner is not responsible for the disrepair of a sidewalk in front of his premises unless its condition is brought about by his wrongful conduct." As such, " '[o]wners of property abutting on a public street are not liable for injuries to pedestrians resulting from defects in such streets unless such defects are created or negligently permitted to exist by such owners for their own private use or benefit, such as an open trap door in a sidewalk.' " *Miller* at ¶ 10, quoting *Eichorn* at 13-14.

{¶ 21} In *Miller*, this court noted that the Sixth District in *Crowe v. Hoffman*, 13 Ohio App.3d 254 (6th Dist.1983), identified three exceptions to the general rule that an owner of property abutting a public sidewalk is not liable for injuries sustained by a pedestrian thereon. The first exception applies if a statute or ordinance imposes upon the property owner a specific duty to keep the sidewalk adjoining this property in good repair. *Miller* at ¶ 11. As to this exception, this court cited the applicable City of Upper Arlington codified ordinance that required "[e]ach owner of any lot or parcel of ground in the City shall cause the sidewalk and every part thereof in front of, alongside or abutting such lot or parcel to be kept in good order and repair and free from any nuisance." *Id*. at ¶ 12, citing Codified Ordinances of Upper Arlington 901.03. The ordinance also detailed the conditions that would require repair or replacement by the abutting property owner, such as if there is

slope more than one inch per foot above or below the adjacent sidewalk block's grade, or cracks one-half inch or greater that create an irregular walking surface. *Id.*

{¶ 22} While acknowledging *Crowe's* stated "exception," this court in *Miller* emphasized this court's prior holdings in *Dennison v. Buckeye Parking Corp.*, 94 Ohio App. 379 (10th Dist.1953), and *Yonut v. Salemi*, 10th Dist. No. 05AP-1094, 2006-Ohio-2744, that "the failure of an abutting property owner to maintain a sidewalk in good repair in compliance with an ordinance, without more, does not give rise to a right of action on the part of a pedestrian who is injured by reason of such defect." *Miller* at ¶ 13. And in *Yonut*, this court observed "the proposition espoused in *Crowe* is not supported by applicable precedent. Strangely, the *Crowe* court cited" *Dennison* as authority for the proposition, but *Dennison*'s holding did not support the proposition. *Yonut* at ¶ 18. A city ordinance that simply requires abutting property owners to maintain and repair sidewalks in accordance with certain standards and criteria does not impose a duty on those owners to pedestrians, but an obligation to assist the city in that maintenance and repair. *Miller* at ¶ 13. Applying these principles, this court in *Miller* found "no basis to part from well-established precedent and conclude[d] that appellee [could] not be held liable in negligence for appellant's injuries merely because it [was] alleged that appellee violated Section 901.03 of the Codified Ordinances of Upper Arlington." *Id.* at 15.

{¶ 23} Here, as in *Miller*, evidence of any violation of Columbus Codified Ordinances 905.06 and 905.11, the city ordinances requiring Great Southern Shopping Center to maintain and repair sidewalks in accordance with specific maintenance criteria, without more, did not establish a duty to Jacobs, as to the sidewalk hazard at issue, and breach of that duty. Even so, Jacobs alternatively asserts he established Great Southern Shopping Center breached a duty to him based on evidence that it was on notice regarding the disrepair of the sidewalk on which he tripped and fell. This argument also fails.

{¶ 24} As this court noted in *Miller*, the Eighth District "has held that an ordinance may be relied upon to impose liability where an ordinance is in place imposing liability on a property owner for damages sustained by third parties for the owner's failure to comply with that ordinance, and the municipality has provided the owners with notice of the violation." *Id.* at ¶ 14, citing *Hughes v. Kozak*, 8th Dist. No. 69007, 1996 Ohio App.LEXIS 636 (Feb. 22, 1996). Jacobs asserts his submitted testimony provided evidence that Great

Southern Shopping Center was on notice of the sidewalk's disrepair. At his deposition, Jacobs stated: "They've * * * known about the sidewalk for a while, I think, the way it looked." (Sept. 24, 2021 Dep. at 39.) Even construing this testimony as reasonably demonstrating this hazard was known to Great Southern Shopping Center, it was not evidence that the city of Columbus notified Great Southern Shopping Center that it was in violation of the sidewalk maintenance and repair ordinances, Columbus Codified Ordinances 905.06 and 905.11, and the record otherwise contains no evidence of such notice. Additionally, and more fundamentally, these ordinances do not impose liability on a property owner for damages sustained by third parties for the owner's failure to comply with the ordinances.

{¶ 25} In sum, Great Southern Shopping Center owed no duty to protect Jacobs from the hazard that caused him to trip and fall. In the absence of such a duty, Jacobs' negligence and negligence per se claims failed as a matter of law. Because the trial court did not err in granting summary judgment in favor of Great Southern Shopping Center, we overrule both of Jacobs' assignments of error.

## IV. Disposition

{¶ 26} Having overruled Jacobs' two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, J. concurs.
LELAND, J., concurs in part and dissents in part.

LELAND, J., concurring in part and dissenting in part.

{¶ 27} While I concur with the majority's determination that the trial court correctly concluded appellee Great Southern Shopping Center, LLC owed no duty to appellant pursuant to common law negligence principles, I respectfully dissent from the majority's disposition of the negligence per se claim. As noted by the majority, the violation of a statute or ordinance that imposes a specific duty for the protection of others constitutes negligence per se. Majority opinion at ¶ 19, citing *Eisenhuth v. Moneyhon,* 161 Ohio St. 367 (1954), paragraph two of the syllabus. Under Ohio law, " '[i]n order for the violation of a statute or ordinance to constitute negligence per se, the statute or ordinance violated must

be a specific requirement to do or to omit to do a definite act.' " *Crosby v. Radenko*, 2d Dist. No. 24343, 2011-Oho-4662, ¶ 10, quoting 70 Ohio Jurisprudence 3d, Negligence, Section 56 (1986). I would hold that Columbus Codified Ordinance 905.06 provides specific, definite standards for compliance. Further, based on the record presented, and construing the evidence most strongly in favor of appellant, I would find appellant presented sufficient evidence to create a genuine issue of material fact as to his negligence per se claim. Accordingly, I would overrule in part and sustain in part appellant's assignments of error and affirm in part and reverse in part the judgment of the trial court.

_____