[Cite as *Burgess v. Johnson*, 2011-Ohio-5241.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SONJA M. BURGESS | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 11CAE050042 |
| MARK A. JOHNSON, ET AL. | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Court of Common Pleas, Case No. 10-CVC-11-1671

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: October 10, 2011

APPEARANCES:

For Plaintiff-Appellant

GEORGE R. ORYSHKEWYCH
5566 Pearl Road
Parma, OH  44129

For Defendant-Appellee

MARSHALL W. GUERIN
Law Offices of Craig S. Cobb - Columbus
2545 Farmers Drive, Suite 370
Columbus, OH  43235

*Farmer, J.*

{¶1}    On June 3, 2009, appellant, Sonja M. Burgess, was traversing the public sidewalk of South Franklin Street in Delaware, Ohio when she tripped over an uneven portion of the sidewalk and fell.  Appellant did not see the unevenness prior to her fall because the gap between the two sections of concrete was overgrown with grass which obscured the difference in the grade between the two sections.  Appellant sustained injuries as a result of the fall.

{¶2}    On November 19, 2010, appellant filed a complaint against appellee, Mark A. Johnson, the owner of the real property located at 228 South Franklin Street. Appellant alleged negligence in maintaining the sidewalk, and sought damages for her personal injuries.

{¶3}    On January 31, 2011, appellee filed a motion for summary judgment.  By judgment entry filed April 26, 2011, the trial court granted the motion, finding appellant did not establish any of the exceptions to the general rule that the duty to keep public sidewalks in repair and free from nuisance rests upon a municipality and not the abutting property owner.

{¶4}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶5}    "THE TRIAL JUDGE ERRED, AS A MATTER OF LAW, BY GRANTING SUMMARY JUDGMENT AGAINST PLAINTIFF-APPELLANT."

{¶6}    At the outset, we note this case comes to us on the accelerated calendar governed by App.R. 11.1, which states the following in pertinent part:

**{¶7}** "(E) Determination and judgment on appeal

**{¶8}** "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

**{¶9}** "The decision may be by judgment entry in which case it will not be published in any form."

I

**{¶10}** Appellant claims the trial court erred in granting summary judgment to appellee. We disagree.

**{¶11}** Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

**{¶12}** "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

**{¶13}** As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same

standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35.

**{¶14}** Generally, an abutting landowner has no duty of care to pedestrians for the condition of a public sidewalk. *Eichorn v. Lustig's, Inc.* (1954), 161 Ohio St. 11. Therefore, under the common law, "[a]n owner of property abutting on a public street is not liable for injuries to pedestrians resulting from defects in the abutting portion of such street unless such defects are created or negligently maintained or permitted to exist by such owner for his own private use or benefit." Id., at syllabus.

**{¶15}** However, there are three exceptions to this general rule:

**{¶16}** "1. An owner of property abutting a public sidewalk is not liable to a pedestrian for injuries proximately caused by a defective or dangerous condition therein unless:

**{¶17}** "(a) a statute or ordinance imposes on such owner a specific duty to keep the sidewalk adjoining his property in good repair;

**{¶18}** "(b) by affirmative acts such owner creates or negligently maintains the defective or dangerous condition; or,

**{¶19}** "(c) such owner negligently permits the defective or dangerous condition to exist for some private use or benefit." *Crowe v. Hoffman* (1983), 13 Ohio App.3d 254, paragraph one of the syllabus.

**{¶20}** Initially, we must address appellant's contention *Eichorn* was overruled by amended R.C. 2744.01(H). For the following reasons, we find appellant's assertion lacks merit. First, R.C. Chapter 2744 governs the liability of governmental entities and

does not address or apply to the liability of private citizens. Also, the legislative notes make no mention of *Eichorn*.

**{¶21}** We now turn to the *Eichorn* exceptions.

**{¶22}** Appellant argues Delaware Codified Ordinance 909.02 imposes a specific duty on appellee as an abutting property owner. Said ordinance states the following in pertinent part:

**{¶23}** "(a) <u>Existing Sidewalk and Curb</u>. Existing sidewalks and curbing within publicly dedicated right of way for public streets and alleys are the responsibility of the abutting property owner for all required maintenance, repair and replacement activities, and all associated costs thereof. Maintenance activities shall include, but not be limited to sweeping and the removal of leaves, snow, and ice as may be required to maintain a safe access for pedestrian movement."

**{¶24}** Appellee counters such an ordinance, in and of itself, does not establish a duty on an abutting landowner to a pedestrian, citing *Dennison v. Buckeye Parking Corp.* (1953), 94 Ohio App. 379, 380-381, in support of his position ("the failure of the abutting owner to maintain a sidewalk in good repair in compliance with an ordinance, without more, does not give rise to a right of action on the part of a pedestrian who is injured by reason of such defect').

**{¶25}** Appellee also cites the Supreme Court of Ohio's decision in *Lopatkovich v. Tiffin* (1986), 28 Ohio St. 3d 204. Therein, the court addressed whether Tiffin Ordinance No. 521.06 imposed a duty upon abutting landowners to a pedestrian. The Tiffin ordinance stated in pertinent part, "[n]o owner or occupant of abutting lands shall

fail to keep the sidewalks, curbs or gutters in repair and free from snow, ice or any nuisance." The *Lopatkovich* court at 207 held the following:

{¶26} "In our view, the rationale behind sidewalk snow removal statutes like the one *sub judice* is that it would be impossible for a city to clear snow and ice from all its sidewalks; and the duty imposed by such statutes is most likely a duty to assist the city in its responsibility to remove snow and ice from public sidewalks. This, however, does not raise a duty on owners and occupiers to the public at large, and such statutes should not, as a matter of public policy, be used to impose potential liability on owners and occupiers who have abutting public sidewalks."

{¶27} We find the statute at issue herein and the Tiffin ordinance to be closely analogous; therefore, we conclude *Lopatkovich* controls the instant action. Following the rationale set forth in *Lopatkovich*, we find Delaware Codified Ordinance 909.02 does not impose a duty of care on an abutting landowner to a pedestrian.

{¶28} As stated supra, the second exception is when a property owner by affirmative act(s) creates or negligently maintains the defective or dangerous condition causing the injury. "Such evidence must necessarily show that the use of the sidewalk which brought about its disrepair was expressly or impliedly authorized by such owner." *Eichorn,* supra, at 14. "Affirmative acts" have been described as the "construction of an obstruction, or that the defect was created by the affirmative negligence of the defendant, such as constructing a manhole in the sidewalk and leaving it uncovered." *Dennison,* supra, at 380.

{¶29} In this case, appellant agrees the uneven sidewalk might not be attributable to appellee's affirmative acts or negligent maintenance. However, appellant

contends appellee's failure to remove or trim grass and weeds which grew in the cracks of the sidewalk and obscured the unevenness is negligent maintenance sufficient to establish the second exception of the *Eichorn* rule. We disagree.

**{¶30}** In its April 26, 2011 judgment entry, the trial court concluded the following:

**{¶31}** "However, the *Eichorn* rule requires something more than mere neglect in allowing grass to grow in a sidewalk. The homeowner must actually do something to the sidewalk in order to be liable. That has not been shown in this case. Allowing grass to grow and hide a defect is not negligent maintenance of a sidewalk, but failure to trim grass or weeds."

**{¶32}** We concur with the trial court's determination. In this case, the natural occurrence of grass and weeds sprouting in the sidewalk crack is not tantamount to "negligently permitting" a defect as annunciated in *Eichorn*. The natural accumulation of grass and weeds, as well as the crack being less than two inches, do not equate to attendant circumstances creating a substantial and dangerous condition.

**{¶33}** As for the third exception, there is no evidence to suggest that appellee permitted the complained of condition to exist for some private use or benefit.

**{¶34}** Upon review, we find the trial court did not err in granting summary judgment to appellee.

**{¶35}** The sole assignment of error is denied.

{¶36} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, J. concurs.

Hoffman, P.J. dissents.


_s/ Sheila G. Farmer_____


_s/ Patricia A. Delaney_____


_____

                                    JUDGES

SGF/sg 913

*Hoffman, P.J., dissenting*

**{¶37}** I respectfully dissent from the majority opinion.

**{¶38}** I find the second exception to the *Eichorn* rule is applicable herein. As stated, supra, the second exception is when a property owner by affirmative act(s) creates **or** negligently maintains the defective or dangerous condition causing the injury. "Affirmative acts" have been described as the construction of an obstruction, or the creation of a dangerous condition by the affirmative negligence of the landowner, such as constructing a manhole in the sidewalk and leaving it uncovered. *Dennison v. Buckeye Parking Corp.,* supra.

**{¶39}** In the case at bar, Appellant agrees the uneven sidewalk might not be attributable to Appellee's affirmative acts or negligent maintenance. However, Appellant contends Appellee's failure to remove or trim grass and weeds which grew in the cracks of the sidewalk and obscured the unevenness constitutes negligent maintenance sufficient to establish the second exception of the *Eichorn* rule. I agree. I refer once again to the language of *Eichorn*. Therein, the Ohio Supreme Court stated:

**{¶40}** "Owners of property abutting on a public street are not liable for injuries to pedestrians resulting from defects in such streets unless such defects are created *or negligently permitted to exist* by such owners for their own private use or benefit, such as an open trap door in a sidewalk. (Citation omitted)." Id. at 13-14 (Emphasis added).

**{¶41}** In its April 26, 2011 Judgment Entry, the trial court commented:

**{¶42}** "[Appellee] concedes that he was aware of the uneven portions of his sidewalk. * * * Knowledge of this defect, coupled with the failure to remove grass

obscuring this defect, could be construed as negligent maintenance of a dangerous condition." Id. at 7, unpaginated.

**{¶43}** Nonetheless, the trial court concluded "the *Eichorn* rule requires something more than mere neglect in allowing grass to grow in a sidewalk. The homeowner must actually do something to the sidewalk in order to be liable. That has not been shown in this case. Allowing grass to grow and hide a defect is not negligent maintenance of a sidewalk, but failure to trim grass or weeds." Id.

**{¶44}** I disagree with the trial court's conclusion Appellee's failure to trim grass and weeds did not amount to "negligent maintenance" of the hazard. The *Eichorn* Court used the term "negligently permit" which I find to be comparable to the term "negligently maintain." Appellee negligently permitted the weeds and grass to grow in the gap of the sidewalk, which resulted in the obstruction of the unevenness.  Although the gap Appellant tripped over is under 2 inches, I find the grass and weeds are arguably attendant circumstances which could defeat the 2 inch rule. The pictures attached to Appellant's affidavit do not show the gap hidden by weeds and grass. However, in her affidavit, Appellant did not aver the pictures accurately depict the growth of the grass and weeds in the sidewalk at the time of her fall. Accordingly, I find a disputed issue of material fact still exists.

**{¶45}** I would sustain Appellant's sole assignment of error and reverse and remand the matter to the trial court.



HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT


SONJA M. BURGESS                          :
                                          :
    Plaintiff-Appellant               :
                                          :
-vs-                                      :            JUDGMENT ENTRY
                                          :
MARK A. JOHNSON, ET AL.                   :
                                          :
    Defendants-Appellees              :            CASE NO. 11CAE050042



For the reasons stated in our accompanying Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.  Costs to appellant.




 s/ Sheila G. Farmer_____


 s/ Patricia A. Delaney_____


_____

JUDGES